The **STATE** of Ohio, Appellee,

v.

**ANDERSON**, Appellant.

[Cite as *State v. Anderson,* 151 Ohio App.3d 422, 2003-Ohio-429.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 81106.

Decided Jan. 29, 2003.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Michael A. Sullivan, Assistant Prosecuting Attorney, for appellee.

Bruner & Jordan, Harvey B. Bruner and Bret Jordan, for appellant.

FRANK D. CELEBREZZE JR., Judge.

{¶ 1} Appellant, Donald C. Anderson, appeals his resentencing following remand during which he was sentenced to a maximum term of incarceration. See *State v. Anderson* (2001), 146 Ohio App.3d 427, 766 N.E.2d 1005 ("*Anderson I*"). Appellant asserts that R.C. 2907.322 is unconstitutional or, in the alternative, that the statute is overbroad and therefore unconstitutional. For the following reasons, we affirm in part and reverse and remand in part.

{¶ 2} On July 25, 2000, the grand jury indicted Donald C. Anderson on 38 counts in case No. CR–394293: counts 1 through 18 charged him with pandering sexually oriented matter involving a minor, in violation of R.C. 2907.322(A)(1), felonies of the second degree; counts 19 through 36 charged him with pandering sexually oriented matter involving a minor, in violation of R.C. 2907.322(A)(5), felonies of the fifth degree; count 37 charged him with possession of criminal tools, in violation of R.C. 2923.24, a felony of the fifth degree; and count 38 charged him with tampering with evidence, in violation of R.C. 2921.12, a felony of the third degree.

{¶ 3} These charges stemmed from Anderson's downloading of child pornography from the internet and his subsequent obstruction of the investigation of the Strongsville Police Department by intentionally altering his natural handwriting exemplars. On August 8, 2000, Anderson entered a plea of not guilty to all charges. On October 11, 2000, he pleaded guilty to counts 19, 20, 37 and 38. On October 31, 2000, he was sentenced as follows: 12 months on counts 19, 20 and 37, three years on count 38, with all counts to run consecutively for a total of six years of incarceration. On November 22, 2000, Anderson appealed his sentence in *Anderson I*, premising his appeal upon the lower court's sentencing errors. This court found that the statutory requirements of R.C. 2929.14(E)(4) had not been met because the trial court failed to give reasons in support of the statutory findings; therefore, we remanded for resentencing on that issue.

{¶ 4} On March 11, 2002, the trial court resentenced Anderson to the following terms of incarceration: 12 months each on counts 19, 20, and 37, and five years on count 38, all counts to run consecutively for a total of eight years. Anderson now appeals this resentence, alleging two assignments of error.

{¶ 5} "I. The trial court erred to the prejudice of the appellant when it increased his sentence for tampering with evidence from the original sentence of three years to five years on remand."

{¶ 6} Recently, in *State v. Carty* (Feb. 7, 2002), Cuyahoga App. No. 79213, 2002 WL 192088, this court examined a similar resentencing issue. The events leading up to Carty's conviction occurred on March 30, 1999. In that case, Carty's 13–year–old daughter found pornographic pictures while using her father's computer. Carty was indicted on nine felony counts and ultimately pleaded guilty to two misdemeanor counts of disseminating matter harmful to juveniles, in violation of R.C. 2907.31(A)(3). The remaining felony counts were dismissed. The trial court sentenced him to consecutive terms of six months on each count. In *Carty,* we reviewed the relevant case law and held that the trial court imposed an enhanced sentence without providing any explanation. Id. There we stated the following, in quoting *State v. Nelloms* (2001), 144 Ohio App.3d 1, 4, 759 N.E.2d 416:

{¶ 7} "The Supreme Court has held that a trial court violated the Due Process Clause of the Fourteenth Amendment when it resentences a defendant to a harsher sentence, motivated by vindictive retaliation. *North Carolina v. Pearce* (1969), 395 U.S. 711, 724, 89 S.Ct. 2072, 2080, 23 L.Ed.2d 656, 668. Further, a presumption of vindictiveness arises when the same judge resentences a defendant to a harsher sentence following a successful appeal. Id. at 726, 89 S.Ct. at 2081, 23 L.Ed.2d at 670; see, also, *State v. Payton* (Dec. 13, 2001), Cuyahoga App. No. 79302 [2001 WL 1612086]. In order to overcome the presumption, the trial court must make affirmative findings on the record regarding conduct or events that occurred or were discovered after the original sentencing. Id.; *Wasman v. United States* (1984), 468 U.S. 559, 104 S.Ct. 3217, 82 L.Ed.2d 424. This means that the trial court may impose an enhanced sentence, but it must demonstrate that it was not motivated by vindictiveness toward the defendant for exercising his rights. *Pearce,* 395 U.S. [711 at 723, 89 S.Ct. 2072, 23 L.Ed.2d 656]."

{¶ 8} In *Pearce,* the court quoted *Williams v. New York,* 337 U.S. 241, 245, 69 S.Ct. 1079, 93 L.Ed. 1337, stating, " 'A trial judge is not constitutionally precluded, in other words, from imposing a new sentence, whether it is greater or less than the original sentence, in the light of events subsequent to the first trial that may have thrown new light upon the defendant's 'life, health, habits, conduct, and mental and moral propensities.' " Id. at 723, 89 S.Ct. 2072, 23 L.Ed.2d 656. This

type of information may be derived from evidence from the second trial, a new presentence investigation, the defendant's prison record, other possible sources such as an individual involved in the case or a victim's impact statement, if plausible, at sentencing. Id.

{¶ 9} The court incorporated impact statements[1] and the presentence report from the prior hearing into the record at the resentencing herein. During this resentencing, the trial court stated, "I'm happy to incorporate that by reference, but just want the report to be patently clear that this is a new proceeding. * * * I need to consider what is being said today."

{¶ 10} In an apparently honest attempt to comply with the statutory requirements at resentencing, the trial judge stated the reasons for imposing an enhanced sentence, "I've had time to reflect upon whether or not this should mitigate your sentence. And in looking back upon it, I now see that there was a pattern of deception and fraud on your part, and that you went out of your way to avoid detection, and that you went out of your way to not only not assist the State of Ohio but to try to duck any blame whatsoever. And that is a little bit different than what was presented to me at the last sentencing hearing that somehow you were trying to mitigate the damage and somehow you were trying to do the right thing and help out. You went out of your way to deceive the detectives involved * * *."

{¶ 11} The court made affirmative findings on the record after giving careful consideration to the appellant's actions throughout the criminal investigation. The court stated that its reason for ordering an enhanced sentence was specifically based upon information that was "a little bit different" concerning Anderson's obstruction of a police investigation. However, after carefully reviewing the transcripts of both sentencing proceedings, this court finds the lower court possessed the same information at both hearings.

{¶ 12} In particular, Detective Colegrove and Prosecutor Michael Sullivan gave statements at both proceedings, and the information presented to the court was substantially similar. Detective Colegrove's statement at the first sentencing addressed the issue of the obstruction of the investigation. Detective Colgrove stated, "I'd also like to stress the fact that Mr. Anderson purposely and deliberately tried to deceive the investigating agency and this court when we had a court order for handwriting. In the investigation of our case, he was advised

---

1. At the appellant's first sentencing, several individuals made statements on the record including Prosecutor Michael Sullivan, Ms. Plathy, a former girlfriend of Anderson, Detective Colegrove, friends of Anderson, Mr. Fitzgerald and Mr. Kinnear, as well as the appellant and his attorney.

not to give us bad handwriting, to give natural writings on two occasions, and he proceeded to give us bad handwriting in a direct violation of a Judge's order."

{¶ 13} In short, no new information was presented or recently discovered to warrant the enhancement the second time around. Thus, the trial court imposed an enhanced sentence without a proper basis. Therefore, appellant's first assignment of error has merit.

{¶ 14} "II. Ohio Revised Code 2907.322 sufficiently mirrors 18 U.S.C. 2256(8)(B) and 2256(8)(D) so that it too should be held unconstitutional. In the alternative, the aforementioned Ohio Revised Code statute's language is over-broad and thus unconstitutional."

{¶ 15} The appellant alleges that Sections 2256(8)(B) and 2256(8)(D), Title 18, U.S.Code, are unconstitutional because those sections prohibit pornography that does not depict an actual child. He cites the case *Ashcroft v. Free Speech Coalition* (2002), 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403, where the United States Supreme Court held that Sections 2256(8)(B) and 2256(8)(D) were unconstitutional and the statutory sections went beyond the ambit of *New York v. Ferber* (1982), 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113. In *Ferber,* the United States Supreme Court held that pornography depicting actual children can be prohibited regardless of whether the images were obscene because the state has an interest in protecting children exploited in the production process and prosecuting those who promote exploitation of children. The court further held that the distribution and sale of pornography were intrinsically related to child sexual abuse in two ways. First, they create a permanent record and continuing reminder of the sexual abuse to the child. Second, the state had an interest in closing the distribution network and halting the economic gain to the child pornography industry.

{¶ 16} Sections 2256(8)(B) and (D) read:

{¶ 17} "For the purposes of this chapter [2251 et seq., Title 18, U.S.Code], the term

{¶ 18} "* * *

{¶ 19} "(8) 'child pornography' means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where—

{¶ 20} "(B) such visual depiction is, or appears to be, of a minor engaging in sexually explicit conduct;

{¶ 21} "* * *

{¶ 22} "(D) such visual depiction is advertised, promoted, presented, described, or distributed in such a manner that conveys the impression that the material is or contains a visual depiction of a minor engaging in sexually explicit conduct."

{¶ 23} R.C. 2907.322 reads:

{¶ 24} "(A) No person, with knowledge of the character of the material or performance involved, shall do any of the following:

{¶ 25} "* * *

{¶ 26} "(5) Knowingly solicit, receive, purchase, exchange, possess, or control any material that shows a minor participating or engaging in sexual activity, masturbation, or bestiality.

{¶ 27} "* * *

{¶ 28} "(B)(3) In a prosecution under this section, the trier of fact may infer that a person in the material or performance involved is a minor if the material or performance, through its title, text, visual representation, or otherwise, represents or depicts the person as a minor."

{¶ 29} The appellant argues the that term "any visual depiction" is overly broad and does not define how the image was produced. He cites *Ashcroft v. Free Speech Coalition* (2002), 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403, which held Sections 2256(8)(B) and (D) to be overly broad because they ban materials that are neither obscene nor produced by the exploitation of real children. However, Section 2256(8) in its entirety was not deemed unconstitutional, only subsections (B) and (D). Under Section 2256(8), subsections (A) and (C), utilizing the phrase "visual depiction," were deemed constitutional.

{¶ 30} Assuming arguendo that appellant's claim here is not barred by res judicata, we agree with the appellee's analysis of the legislative intent of Section 2256(8). Section 2256 was recently enacted to prohibit virtual child pornography. That statute prohibits child pornography where the visual depiction *appears* to be a minor.

{¶ 31} R.C. 2907.322, although recently amended, predates the enactment of Section 2256 regarding virtual child pornography. The language of the Ohio statute prohibits only images depicting actual children.

{¶ 32} R.C. 2907.322(A)(5) prohibits the knowing possession or control of material which shows a minor participating or engaging in sexual activity, masturbation, or bestiality, and the Supreme Court of Ohio, in *State v. Meadows* (1986), 28 Ohio St.3d 43, 28 OBR 417, 503 N.E.2d 697, has held that this statute does not violate the First Amendment of the United States Constitution.

{¶ 33} Appellant's second assignment of error is therefore without merit.

{¶ 34} The judgment is affirmed in part and reversed in part, and the cause is remanded for resentencing.

Judgment accordingly.

JAMES D. SWEENEY, P.J., and MICHAEL J. CORRIGAN, J., concur.