MOHL V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS. 2-02-100-CR

         
2-02-101-CR

JOHN ANTHONY MOHL APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

OPINION

------------

Appellant John Anthony Mohl appeals his conviction of possession with intent to promote child pornography and possession of child pornography.  In two points, he alleges that he was denied effective assistance of counsel and that Texas Penal Code sections 43.25 and 43.26 are unconstitutionally vague and overbroad.  We affirm.

Background

Appellant pled guilty to possession with intent to promote child pornography and possession of child pornography on February 12, 2002. Defense counsel waived the making of a reporter’s record.  After receiving appellant’s plea, the court assessed punishment at ten years’ confinement for each offense, to run concurrently.  Appellant then filed a motion for new trial alleging ineffective assistance of counsel, which the court denied without a hearing.  He filed his appeal, and this court abated the appeal for the trial court to hold a hearing on his motion for new trial.
(footnote: 1) 

During the abatement hearing, the trial court reviewed appellant’s affidavits alleging that defense counsel failed to communicate effectively with him and that defense counsel promised him that he would receive community supervision if he pled guilty.  These assertions were contradicted by the State’s affidavits, specifically that of defense counsel himself.  The court again denied appellant’s motion for new trial based on the affidavits.

Ineffective Assistance of Counsel

In his first point, appellant contends that his guilty plea was unknowing and involuntary because of defense counsel’s ineffective assistance.  The State responds that it was within the trial court’s discretion to reject appellant’s affidavits, thus he failed to establish ineffective assistance of counsel. 

We apply a 
two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, 
appellant must show that his
 counsel's performance was deficient; second, appellant must show the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064; 
see also 
 
Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).  

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
Strickland
, 466 U.S. 
at 688-89, 104 S. Ct. at 2065.  “[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.”  
Id. 
at 690, 104 S. Ct. at 2066.  An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
Thompson
, 9 S.W.3d at 814.
 
 Our scrutiny of counsel's performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight.  
Strickland
, 466 U.S. at 689, 104 S. Ct. at 2065
.  Likewise, there is no requirement that we approach the two-pronged inquiry of 
Strickland
 in any particular order, or even address both components of the inquiry if the defendant makes an insufficient showing on one component.  
Id. 
at 697, 104 S. Ct. at 2069. 

It is well-settled that appellate courts should show almost total deference to a trial court's findings of fact, especially when those findings are based on an evaluation of credibility and demeanor.  
See
 
Guzman v. State
, 955 S.W.2d 85, 89  (Tex. Crim. App. 1997).  This 
deferential review also applies to a trial court's determination of historical facts when that determination is based solely upon affidavits.  
See
 
Manzi v. State
, 88 S.W.3d 240, 242 (Tex. Crim. App. 2002).

After reviewing the affidavits for appellant’s motion for new trial, we conclude that trial counsel acted effectively.  Although appellant claims that counsel promised him “probation” if he pled guilty, counsel’s affidavit contradicts this.  Counsel specifically stated that he explained the charges against appellant and explained his rights.  He reviewed the range of punishment with appellant and at no time made any promises concerning the outcome.  He specifically denied promising appellant that he would receive “probation.”

Furthermore, appellant’s affidavits in support of his motion for new trial show that counsel did not promise him “probation.”  Appellant’s stepmother stated that counsel said “he was expecting John Mohl to get probation. . . .  He told us he would be surprised if John would serve jail time.”  Later, counsel said that “John may have to serve a small amount of jail time.” 
 Appellant’s father stated that counsel said “John would have to serve some time, maybe [six months].”  Appellant’s girlfriend claimed that counsel said “the most he could see was probation.”  All of these statements do not establish that counsel promised appellant he would receive community supervision if he pled guilty.  They merely represent counsel’s opinions on possible punishments.  Thus, the trial court was free to disbelieve appellant’s affidavits and deny his motion for new trial.  

Likewise, the contradictions in the affidavits do not demonstrate allegations of ineffective assistance that are firmly founded in the record.  
See Thompson
, 9 S.W.3d at 814.  Therefore, appellant’s record fails to affirmatively demonstrate the alleged ineffectiveness. 
See id
.  Appellant’s first point is overruled. 

Constitutionality of Texas Penal Code Sections 43.25 and 43.26

In his third point, appellant alleges that Texas Penal Code sections 43.25 and 43.26 are unconstitutionally vague and overbroad as set forth by the Supreme Court decision, 
Ashcroft v. Free Speech Coalition
.  
Tex. Penal Code Ann
. §§ 43.25, 43.26 (Vernon 2003); 
Ashcroft v. Free Speech Coalition
, 535 U.S. 234, 122 S. Ct. 1389 (2002).  Specifically, he claims that the Texas statutes permit prosecution for possession or promotion of images of “virtual” children.  The State responds that the statutes are constitutional because the language requires that an actual child be involved.  

Although the State first argues that appellant has waived his argument because he failed to properly object and preserve error, a constitutional challenge to the facial validity of a statute may be raised for the first time on appeal.  
See Garcia v. State
, 887 S.W.2d 846, 861 (Tex. Crim. App. 1994), 
cert. denied
, 514 U.S. 1005 (1995); 
Rabb v. State
, 730 S.W.2d 751, 752 (Tex. Crim. App. 1987) (holding that questions involving the constitutionality of a statute upon which a defendant’s conviction is based should be addressed by appellate court, even when such issues are raised for the first time on appeal).  Therefore, we will address appellant’s complaint that the Texas pornography statutes are overbroad.
(footnote: 2)
 When the constitutionality of a statute is challenged, we presume the statute is valid and that the legislature has not acted unreasonably or arbitrarily in enacting it.  
Ex parte Granviel
, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978); 
Sisk v. State
, 74 S.W.3d 893, 901 (Tex. App.—Fort Worth 2002, no pet.).  It is the appellant's burden to show that the statute is unconstitutional.  
Ex parte
 
Anderson
, 902 S.W.2d 695, 698 (Tex. App.—Austin 1995, pet. ref’d).  We must uphold the statute if we can ascertain a reasonable construction that will render the statute constitutional and promote the legislative intent.  
Ely v. State
, 582 S.W.2d 416, 419 (Tex. Crim. App. [Panel Op.] 1979);
 Sisk
, 74 S.W.3d at 901. 

In construing whether a law is overbroad, we interpret a statute in accordance with the plain meaning of its language unless the language is ambiguous, or the plain meaning leads to absurd results.  
Sanchez v. State
, 995
 
S.W.2d 677, 683
 
(Tex. Crim. App.), 
cert. denied
, 528 U.S. 1021 (1999); 
Boykin v. State
, 818 S.W.2d 782, 785-86 & n.4 (Tex. Crim. App. 1991).  In determining plain meaning, “[w]ords and phrases shall be read in context and construed according to the rules of grammar and usage.”  
Tex. Gov’t Code Ann.
 § 311.011(a) (Vernon 1998); 
Dowthitt v. State
, 931 S.W.2d 244, 258 (Tex. Crim. App. 1996).  If we find it necessary to resort to extratextual sources
, these sources include but are not limited to:  (1) circumstances under which the statute was enacted, (2) legislative history, (3) common law or former statutory provisions, (4) consequences of a particular construction, and (5) the title (caption), preamble, and emergency provisions.  
Tex. Gov’t Code Ann. 
§ 311.023
; 
Tex. Penal Code Ann.
 § 1.05(b) (Vernon 2003).

Appellant relies on 
Ashcroft 
to support his argument that the Texas pornography statutes are overbroad.  535 U.S. at 235, 122 S. Ct. at 1389.  In 
Ashcroft
, the Supreme Court considered a challenge to the federal Child Pornography Prevention Act of 1996 (CPPA).
  18 U.S.C.A. § 2256 (West 2000); 
Ashcroft, 
535 U.S. at 235, 122 S. Ct. at 1400.  The CPPA extended the federal prohibition of child pornography to sexually explicit images that “appear to” depict minors engaging in sexual conduct, but are produced without using any real children.
(footnote: 3)  
Ashcroft, 
535 U.S. at 235, 122 S. Ct. at 1396.  Because the statute prohibited both protected and unprotected speech, the Court held that the statute was unconstitutional to the extent that it regulated virtual images or images that merely appeared to depict children engaged in sexual conduct. 
 Id
. at 241, 122 S. Ct. at 1406. 

Under the penal code, it is an offense to knowingly or intentionally possess “visual material that visually depicts a child younger than 18 years of age at the time the film image of the child was made who is engaging in sexual conduct” if the person “knows that the material depicts the child” engaging in sexual conduct.  
Tex. Penal Code Ann
. § 43.26(a).  However, the plain language of the Texas statute indicates that it only prohibits possession of material that depicts an actual child, not material that merely “appears” to depict a child, as under the CPPA.  
See id
. (referring to material that visually depicts “a child” and images of “the child”); 
see also
 
State v. Stoneman
, 920 P.2d 535, 539-40 (Or. 1996) (construing a child pornography statute that prohibits a person from observing sexually explicit conduct “by a child” as clearly contemplating a real child); 
State v. Anderson
, 784 N.E.2d 196, 200 (Ohio Ct. App. 2003) (holding that the language of the Ohio statute prohibits only images depicting actual children and, thus, does not violate the First Amendment).  Furthermore, the definition of “sexual conduct,” which encompasses “actual or simulated sexual intercourse,” clearly refers only to simulated 
acts
, not simulated or virtual children.  
See
 
Tex. Penal Code Ann
. § 43.25(a)(2), (6) (defining “simulated” to mean the explicit depiction of sexual conduct that creates the appearance of actual sexual conduct).
(footnote: 4)
 A review of the legislative history of the statute also supports this conclusion. 
 In 1997, the legislature amended the child pornography statute to eliminate a loophole in the existing statute that impeded prosecution of individuals for possession or promotion of child pornography depicted or distributed by computer.  Act of May 23, 1997, 75
th
 Leg., R.S., ch. 933, § 1, 1997 Tex. Gen. Laws 2931, 2932; 
see also
 
Senate Comm. on Criminal Justice, Bill Analysis
, Tex. S.B. 674, 75
th
 Leg., R.S. (1997); 
House
 
Comm. on Criminal Jurisprudence, Bill Analysis
, Tex. S.B. 674, 75
th
 Leg., R.S. (1997). 
 Nothing indicates that the legislature intended to prohibit anything other than pornography depicting actual children.  Therefore, we conclude that the Texas child pornography statutes only prohibit the possession of visual materials depicting real children.  
See Webb v. State
, No. 2-02-279-CR, 2-02-280-CR, 2003 WL ________ (Tex. App.—Fort Worth May 29, 2003, no pet. h.).

We hold the Texas statutes are not overbroad because the statutes only prohibit pornography depicting actual children, the statutes are not overbroad.  
See United States v. Kelly
, 314 F.3d 908, 912-13 (7th Cir. 2002) (interpreting the holding in 
Ashcroft
 to only apply to virtual pornography), 
cert. denied
, 123 S. Ct. 1923 (2003); 
United States v. Hersh
, 297 F.3d 1233, 1254 n.31 (11th Cir. 2002) (same), 
cert. denied
, 123 S. Ct. 1319 (2003); 
see also Fink v. State
, 817 A.2d 781, 790 (Del. 2003) (same); 
Perry v. Commonwealth
, 780 N.E.2d 53, 56 n.4 (Mass. 2002) (stating that 
Ashcroft
 was not at issue because materials depicted actual children).  Thus, we overrule appellant’s third point.

Conclusion

Having overruled both of appellant’s points, we affirm the trial court’s judgments. 

TERRIE LIVINGSTON

JUSTICE

PANEL B: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DO NOT PUBLISH 

Tex. R. App. P
. 47.2(b)

DELIVERED:  May 29, 2003

FOOTNOTES
1:
Our abatement to the trial court renders appellant’s second point moot, and it is therefore overruled. 

2:
Appellant also argues that the statute is vague; however, he only cites 
Ashcroft
 to support this contention.  
Ashcroft
 struck down two federal child pornography statutes because they were overbroad, not vague.  
See Ashcroft
, 535 U.S. at 258, 122 S. Ct. at 1406.  Because
 Texas Rule of Appellate Procedure 38.1(h) requires an appellant’s brief to contain a clear and concise argument for the contentions made, with appropriate citations to authorities and the record, and appellant has failed to cite any authority supporting this argument, appellant has waived it.  
Tex. R. App. P. 
38.1(h).

3:
The CPPA prohibited images made using actual minors as well as “any visual depiction, including any photograph, film, video, or computer or computer-generated image or picture” that appeared to be of a minor or “convey[ed] the impression that the material [was] or contain[ed] a visual depiction of a minor engaging in sexually explicit conduct.”  18 U.S.C.A. § 2256(8).  

4:
We further note that the part of the CPPA that defines child pornography to include any visual depiction, “the production of [which] involves the use of a minor engaging in sexually explicit conduct,” was not challenged in 
Ashcroft
.  The CPPA defines “sexually explicit conduct” to include “actual or simulated” sexual acts, which is similar to the definition in Texas Penal Code section 43.25(a)(2).  
18 U.S.C.A. § 2256(2), (8)(A); 
Tex. Penal Code Ann
. § 43.25(a)(2).