COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NOS. 2-02-100-CR
         2-02-101-CR
 
JOHN ANTHONY MOHL                                                                    
APPELLANT
V.
THE STATE OF TEXAS                                                                        
STATE
------------
FROM CRIMINAL DISTRICT COURT NO. 1
OF TARRANT COUNTY
------------
OPINION
------------
Appellant John Anthony Mohl appeals his
conviction of possession with intent to promote child pornography and possession
of child pornography. In two points, he alleges that he was denied effective
assistance of counsel and that Texas Penal Code sections 43.25 and 43.26 are
unconstitutionally vague and overbroad. We affirm.
Background
Appellant pled guilty to possession with
intent to promote child pornography and possession of child pornography on
February 12, 2002. Defense counsel waived the making of a reporter's record.
After receiving appellant's plea, the court assessed punishment at ten years'
confinement for each offense, to run concurrently. Appellant then filed a motion
for new trial alleging ineffective assistance of counsel, which the court denied
without a hearing. He filed his appeal, and this court abated the appeal for the
trial court to hold a hearing on his motion for new trial.(1)
During the abatement hearing, the trial
court reviewed appellant's affidavits alleging that defense counsel failed to
communicate effectively with him and that defense counsel promised him that he
would receive community supervision if he pled guilty. These assertions were
contradicted by the State's affidavits, specifically that of defense counsel
himself. The court again denied appellant's motion for new trial based on the
affidavits.
Ineffective Assistance of
Counsel
In his first point, appellant contends
that his guilty plea was unknowing and involuntary because of defense counsel's
ineffective assistance. The State responds that it was within the trial court's
discretion to reject appellant's affidavits, thus he failed to establish
ineffective assistance of counsel.
We apply a two-pronged test to ineffective
assistance of counsel claims. Strickland v. Washington, 466 U.S. 668,
687, 104 S. Ct. 2052, 2064 (1984); Thompson v. State, 9 S.W.3d 808, 812
(Tex. Crim. App. 1999). First, appellant must show that his counsel's
performance was deficient; second, appellant must show the deficient performance
prejudiced the defense. Strickland, 466 U.S. at 687, 104 S. Ct. at
2064; see also Hernandez v. State, 988 S.W.2d 770, 770 (Tex.
Crim. App. 1999).
In evaluating the effectiveness of counsel
under the first prong, we look to the totality of the representation and the
particular circumstances of each case. Thompson, 9 S.W.3d at 813. The
issue is whether counsel's assistance was reasonable under all the circumstances
and prevailing professional norms at the time of the alleged error. Strickland,
466 U.S. at 688-89, 104 S. Ct. at 2065. "[C]ounsel is strongly presumed to
have rendered adequate assistance and made all significant decisions in the
exercise of reasonable professional judgment." Id. at 690, 104 S.
Ct. at 2066. An allegation of ineffective assistance must be firmly founded in
the record, and the record must affirmatively demonstrate the alleged
ineffectiveness. Thompson, 9 S.W.3d at 814. Our scrutiny of counsel's
performance must be highly deferential, and every effort must be made to
eliminate the distorting effects of hindsight. Strickland, 466 U.S. at
689, 104 S. Ct. at 2065. Likewise, there is no requirement that we approach the
two-pronged inquiry of Strickland in any particular order, or even
address both components of the inquiry if the defendant makes an insufficient
showing on one component. Id. at 697, 104 S. Ct. at 2069.
It is well-settled that appellate courts
should show almost total deference to a trial court's findings of fact,
especially when those findings are based on an evaluation of credibility and
demeanor. See Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim.
App. 1997). This deferential review also applies to a trial court's
determination of historical facts when that determination is based solely upon
affidavits. See Manzi v. State, 88 S.W.3d 240, 242 (Tex. Crim.
App. 2002).
After reviewing the affidavits for
appellant's motion for new trial, we conclude that trial counsel acted
effectively. Although appellant claims that counsel promised him
"probation" if he pled guilty, counsel's affidavit contradicts this.
Counsel specifically stated that he explained the charges against appellant and
explained his rights. He reviewed the range of punishment with appellant and at
no time made any promises concerning the outcome. He specifically denied
promising appellant that he would receive "probation."
Furthermore, appellant's affidavits in
support of his motion for new trial show that counsel did not promise him
"probation." Appellant's stepmother stated that counsel said "he
was expecting John Mohl to get probation. . . . He told us he would be surprised
if John would serve jail time." Later, counsel said that "John may
have to serve a small amount of jail time." Appellant's father stated that
counsel said "John would have to serve some time, maybe [six months]."
Appellant's girlfriend claimed that counsel said "the most he could see was
probation." All of these statements do not establish that counsel promised
appellant he would receive community supervision if he pled guilty. They merely
represent counsel's opinions on possible punishments. Thus, the trial court was
free to disbelieve appellant's affidavits and deny his motion for new trial.
Likewise, the contradictions in the
affidavits do not demonstrate allegations of ineffective assistance that are
firmly founded in the record. See Thompson, 9 S.W.3d at 814. Therefore,
appellant's record fails to affirmatively demonstrate the alleged
ineffectiveness. See id. Appellant's first point is overruled.
Constitutionality of Texas
Penal Code Sections 43.25 and 43.26
In his third point, appellant alleges that
Texas Penal Code sections 43.25 and 43.26 are unconstitutionally vague and
overbroad as set forth by the Supreme Court decision, Ashcroft v. Free
Speech Coalition. Tex. Penal Code Ann. §§ 43.25, 43.26 (Vernon 2003); Ashcroft
v. Free Speech Coalition, 535 U.S. 234, 122 S. Ct. 1389 (2002).
Specifically, he claims that the Texas statutes permit prosecution for
possession or promotion of images of "virtual" children. The State
responds that the statutes are constitutional because the language requires that
an actual child be involved.
Although the State first argues that
appellant has waived his argument because he failed to properly object and
preserve error, a constitutional challenge to the facial validity of a statute
may be raised for the first time on appeal. See Garcia v. State, 887
S.W.2d 846, 861 (Tex. Crim. App. 1994), cert. denied, 514 U.S. 1005
(1995); Rabb v. State, 730 S.W.2d 751, 752 (Tex. Crim. App. 1987)
(holding that questions involving the constitutionality of a statute upon which
a defendant's conviction is based should be addressed by appellate court, even
when such issues are raised for the first time on appeal). Therefore, we will
address appellant's complaint that the Texas pornography statutes are overbroad.(2)
When the constitutionality of a statute is
challenged, we presume the statute is valid and that the legislature has not
acted unreasonably or arbitrarily in enacting it. Ex parte Granviel,
561 S.W.2d 503, 511 (Tex. Crim. App. 1978); Sisk v. State, 74 S.W.3d
893, 901 (Tex. App.--Fort Worth 2002, no pet.). It is the appellant's burden to
show that the statute is unconstitutional. Ex parte Anderson,
902 S.W.2d 695, 698 (Tex. App.--Austin 1995, pet. ref'd). We must uphold the
statute if we can ascertain a reasonable construction that will render the
statute constitutional and promote the legislative intent. Ely v. State,
582 S.W.2d 416, 419 (Tex. Crim. App. [Panel Op.] 1979); Sisk, 74 S.W.3d
at 901.
In construing whether a law is overbroad,
we interpret a statute in accordance with the plain meaning of its language
unless the language is ambiguous, or the plain meaning leads to absurd results. Sanchez
v. State, 995 S.W.2d 677, 683 (Tex. Crim. App.), cert. denied, 528
U.S. 1021 (1999); Boykin v. State, 818 S.W.2d 782, 785-86 & n.4
(Tex. Crim. App. 1991). In determining plain meaning, "[w]ords and phrases
shall be read in context and construed according to the rules of grammar and
usage." Tex. Gov't Code Ann. § 311.011(a) (Vernon 1998); Dowthitt v.
State, 931 S.W.2d 244, 258 (Tex. Crim. App. 1996). If we find it necessary
to resort to extratextual sources, these sources include but are not limited to:
(1) circumstances under which the statute was enacted, (2) legislative history,
(3) common law or former statutory provisions, (4) consequences of a particular
construction, and (5) the title (caption), preamble, and emergency provisions.
Tex. Gov't Code Ann. § 311.023; Tex. Penal Code Ann. § 1.05(b) (Vernon 2003).
Appellant relies on Ashcroft to
support his argument that the Texas pornography statutes are overbroad. 535 U.S.
at 235, 122 S. Ct. at 1389. In Ashcroft, the Supreme Court considered a
challenge to the federal Child Pornography Prevention Act of 1996 (CPPA). 18
U.S.C.A. § 2256 (West 2000); Ashcroft, 535 U.S. at 235, 122 S. Ct. at
1400. The CPPA extended the federal prohibition of child pornography to sexually
explicit images that "appear to" depict minors engaging in sexual
conduct, but are produced without using any real children.(3)
Ashcroft, 535 U.S. at 235, 122 S. Ct. at 1396. Because the statute
prohibited both protected and unprotected speech, the Court held that the
statute was unconstitutional to the extent that it regulated virtual images or
images that merely appeared to depict children engaged in sexual conduct. Id.
at 241, 122 S. Ct. at 1406.
Under the penal code, it is an offense to
knowingly or intentionally possess "visual material that visually depicts a
child younger than 18 years of age at the time the film image of the child was
made who is engaging in sexual conduct" if the person "knows that the
material depicts the child" engaging in sexual conduct. Tex. Penal Code
Ann. § 43.26(a). However, the plain language of the Texas statute indicates
that it only prohibits possession of material that depicts an actual child, not
material that merely "appears" to depict a child, as under the CPPA. See
id. (referring to material that visually depicts "a child" and
images of "the child"); see also State v. Stoneman,
920 P.2d 535, 539-40 (Or. 1996) (construing a child pornography statute that
prohibits a person from observing sexually explicit conduct "by a
child" as clearly contemplating a real child); State v. Anderson,
784 N.E.2d 196, 200 (Ohio Ct. App. 2003) (holding that the language of the Ohio
statute prohibits only images depicting actual children and, thus, does not
violate the First Amendment). Furthermore, the definition of "sexual
conduct," which encompasses "actual or simulated sexual
intercourse," clearly refers only to simulated acts, not simulated
or virtual children. See Tex. Penal Code Ann. § 43.25(a)(2), (6)
(defining "simulated" to mean the explicit depiction of sexual conduct
that creates the appearance of actual sexual conduct).(4)
A review of the legislative history of the
statute also supports this conclusion. In 1997, the legislature amended the
child pornography statute to eliminate a loophole in the existing statute that
impeded prosecution of individuals for possession or promotion of child
pornography depicted or distributed by computer. Act of May 23, 1997, 75th
Leg., R.S., ch. 933, § 1, 1997 Tex. Gen. Laws 2931, 2932; see also
Senate Comm. on Criminal Justice, Bill Analysis, Tex. S.B. 674, 75th
Leg., R.S. (1997); House Comm. on Criminal Jurisprudence, Bill Analysis, Tex.
S.B. 674, 75th Leg., R.S. (1997). Nothing indicates that the
legislature intended to prohibit anything other than pornography depicting
actual children. Therefore, we conclude that the Texas child pornography
statutes only prohibit the possession of visual materials depicting real
children. See Webb v. State, No. 2-02-279-CR, 2-02-280-CR, 2003 WL
________ (Tex. App.--Fort Worth May 29, 2003, no pet. h.).
We hold the Texas statutes are not
overbroad because the statutes only prohibit pornography depicting actual
children, the statutes are not overbroad. See United States v. Kelly,
314 F.3d 908, 912-13 (7th Cir. 2002) (interpreting the holding in Ashcroft
to only apply to virtual pornography), cert. denied, 123 S. Ct. 1923
(2003); United States v. Hersh, 297 F.3d 1233, 1254 n.31 (11th Cir.
2002) (same), cert. denied, 123 S. Ct. 1319 (2003); see also Fink
v. State, 817 A.2d 781, 790 (Del. 2003) (same); Perry v. Commonwealth,
780 N.E.2d 53, 56 n.4 (Mass. 2002) (stating that Ashcroft was not at
issue because materials depicted actual children). Thus, we overrule appellant's
third point.
Conclusion
Having overruled both of appellant's
points, we affirm the trial court's judgments.
 
                                                                       
TERRIE LIVINGSTON
                                                                       
JUSTICE
 
PANEL B: CAYCE, C.J.; LIVINGSTON and
DAUPHINOT, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: May 29, 2003

1. Our abatement to the trial court renders appellant's
second point moot, and it is therefore overruled.
2. Appellant also argues that the statute is vague;
however, he only cites Ashcroft to support this contention. Ashcroft
struck down two federal child pornography statutes because they were overbroad,
not vague. See Ashcroft, 535 U.S. at 258, 122 S. Ct. at 1406. Because
Texas Rule of Appellate Procedure 38.1(h) requires an appellant's brief to
contain a clear and concise argument for the contentions made, with appropriate
citations to authorities and the record, and appellant has failed to cite any
authority supporting this argument, appellant has waived it. Tex. R. App. P.
38.1(h).
3. The CPPA prohibited images made using actual minors as
well as "any visual depiction, including any photograph, film, video, or
computer or computer-generated image or picture" that appeared to be of a
minor or "convey[ed] the impression that the material [was] or contain[ed]
a visual depiction of a minor engaging in sexually explicit conduct." 18
U.S.C.A. § 2256(8).
4. We further note that the part of the CPPA that defines
child pornography to include any visual depiction, "the production of
[which] involves the use of a minor engaging in sexually explicit conduct,"
was not challenged in Ashcroft. The CPPA defines "sexually
explicit conduct" to include "actual or simulated" sexual acts,
which is similar to the definition in Texas Penal Code section 43.25(a)(2). 18
U.S.C.A. § 2256(2), (8)(A); Tex. Penal Code Ann. § 43.25(a)(2).