Mark A. **HUFFMAN**, Petitioner,

v.

Timothy **BRUNSMAN**, Warden, Respondent.

Case No. 1:07cv266.

United States District Court, S.D. Ohio, Western Division.

Nov. 14, 2008.

726

Mark Huffman, Cincinnati, OH, pro se.

Hilda Rosenberg, Office of the Ohio Attorney General, Cincinnati, OH, for Respondent.

### *ORDER*

MICHAEL R. BARRETT, District Judge.

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 29, 2007 (Doc. 3). Petitioner seeks relief from the sentence that Ohio imposed following his conviction on two counts of illegal use of a minor in nudity-oriented material or performance, five counts of voyeurism and two counts of pandering sexually oriented matters involving a minor. Petitioner was sentenced to three year prison terms on the two counts of illegal use of a minor in nudity-oriented material or performance and four year prison terms on both counts of pandering plus 180 days on three of the voyeurism counts and 60 days on two of the voyeurism counts for an aggregate term of four years in prison[1]. Respondent filed a Return of Writ (Doc. 19). Petitioner filed an "answer" to the return of writ; however, such "answer" was untimely and stricken by Magistrate Judge Merz (See Doc. 29).

On August 18, 2008, Magistrate Judge Merz filed a Report and Recommendation (hereinafter, the "Report") (Doc. 30) that recommended the Court dismiss Petitioner's petition for a federal writ of habeas corpus. The Petitioner objected to the Report (Doc. 32). In response to the objections filed by Petitioner, Magistrate Judge Merz issued a Supplemental Report and Recommendation (hereinafter, the "Supplemental Report") (Doc. 33) addressing Petitioner's objections. The Supplemental Report again recommended dismissal. No objections were filed to the Supplemental Report. For the reasons provided below, the Court ADOPTS the Magistrate Judge's Report and the Supplemental Report.

### I. Background

Petitioner was convicted at a bench trial and sentenced in the Hamilton County Common Pleas Court. The underlying facts that served as the basis for Petitioner's conviction are properly set forth by the Ohio Court of Appeals and are "presumed to be correct" as Petitioner has failed to rebut this presumption by "clear and convincing evidence."[2] *McAdoo v. Elo*, 365 F.3d 487, 493–94 (6th Cir.2004). The Court of Appeals stated the underlying facts to be as follows:

A young man and his parents contacted Reading Police Detective Terry Zimmerman to report a possible hidden camera in a tanning room at the Maximum Exposure Tanning Salon. The young man showed the detective a photograph of what appeared to be a camera lens hidden behind a circular fan. That afternoon, Detective Zimmerman went to the salon, where he encountered Huffman, the owner of the business. Detective Zimmerman pretended that he was interested in purchasing a tanning package for his wife. Huffman described the available tanning procedures and showed the detective the rooms where the procedures took place. As the detective entered one of the tanning

---

1. The Court notes that Petitioner has now been released from custody, apparently as of February 11, 2008 (see Doc. 23). However, this matter is not moot since he was in custody when the Petition was filed. *Carafas v. LaVallee*, 391 U.S. 234, 237, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968).

2. A federal court may only diverge from a state court's factual findings if the petitioner shows by clear and convincing evidence that the findings are erroneous. See 28 U.S.C. § 2254(e)(1).

rooms, he saw a camera hidden behind a circular fan in the wall, just as the young man's report had indicated.

Detective Zimmerman obtained a search warrant for the salon and executed it that evening with other police officers. During their search, the officers found a wireless camera mounted behind the wall fan as the detective had earlier observed. Another wireless camera was hidden behind a hole in the wall of a tanning-spray room. The officers determined that signals from the two cameras were fed through a wireless receiver into one of Huffman's DVD players.

The officers recovered camera equipment as well as numerous DVDs containing videos of female patrons using the tanning rooms. The officers compared the recording dates and times of the videos with the tanning visit dates on the salon's patron cards to identify Huffman's victims. The officers also recovered several DVDs that contained pornographic images of children.

As a result of the investigation, Huffman was indicted for three counts of illegal use of a minor in nudity-oriented material or performance, in violation of R.C. 2907.323(A)(1); three counts of voyeurism involving a minor, in violation of R.C. 2907.08(C); two counts of voyeurism, in violation of R.C. 2907.08(B); twenty counts of pandering sexually-oriented matter involving a minor, in violation of R.C. 2907.322(A)(1); and one count of illegal cultivation of marijuana, in violation of R.C. 2925.04(A).

Huffman filed a motion to dismiss the pandering counts, arguing that the pandering statute, R.C. 2907.322(A)(1), was unconstitutional. The trial court denied the motion.

Huffman then waived his right to a jury trial, and the case proceeded to a bench trial. The court found Huffman guilty of two counts of illegal use of a minor, each of the five voyeurism counts, and two of the pandering counts. Huffman was acquitted of the remaining counts. The court imposed three-year prison terms on both counts of illegal use of a minor, and four-year prison terms on both counts of pandering. The court imposed 180 days' incarceration on three of the voyeurism counts and 60 days' incarceration on two of the voyeurism counts. The court ordered all the sentences to be served concurrently, for an aggregate term of four years in prison. (Doc. 10, Exhibit 18, p. 2–4).

As the Report more fully discusses, Petitioner appealed to the Court of Appeals asserting four assignments of error. They are as follows:

**ASSIGNMENT OF ERROR NO. 1:** Vague and overbroad laws are unconstitutional. A law is vague when it is unclear in its prohibitions, and overbroad when it reaches both protected and unprotected conduct. Section § 2907.322 is vague, and overbroad. Did the trial court violate Mark's due process guarantees by failing to dismiss counts 9 through 28?

**ASSIGNMENT OF ERROR NO. 2:** A conviction based on insufficient evidence is a denial of due process. A court may not convict a defendant where a rational trier-of-fact could not find all the elements were proven beyond a reasonable doubt. Were Mark's rights violated when he was convicted after the state failed to prove all essential elements?

**ASSIGNMENT OF ERROR NO. 3:** the Constitution prohibits a conviction which is against the manifest weight of the evidence. A court may not convict a defendant where the trier-of fact loses its way in weighing the evidence. Was Mark's conviction a manifest miscarriage of justice?

**ASSIGNMENT OF ERROR NO. 4:** The federal and Ohio Constitutions pro-

hibit sentences based on facts not proven to a jury or admitted by the accused. Ohio law prohibits a non-minimum sentence when the defendant has never previously served a prison sentence. Were Mark's rights violated when the court imposed a sentence violating constitutional and Ohio law?

Doc. 10, Exh. 14. The Court of Appeals overruled the first three assignments of error and sustained the fourth, remanding the case for a new sentencing hearing under *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006). *See State v. Huffman*, 165 Ohio App.3d 518, 847 N.E.2d 58 (Ohio App. 1st Dist.2006). Petitioner then appealed to the Ohio Supreme Court asserting six propositions of law, the first three of which were accepted on appeal. They are as follows:

**PROPOSITION OF LAW NO. I:** The inference in § 2907.322(b)(3) renders § 2907.322(A)(1) unconstitutionally overbroad while impermissibly shifting the burden of production to the defendant.

**PROPOSITION OF LAW NO. II:** Overbroad laws improperly suppress lawful speech as a means to suppress unlawful speech. Section 2907.322 is unconstitutional because there are no standards for determining if the images contain actual minors and not standards for police enforcement, resulting in the suppression of material which enjoys First Amendment Protection.

**PROPOSITION OF LAW NO. III:** Because of advanced and widely available computer technology, § 2907.322 is unconstitutionally vague because it can only be enforced based on the subjective belief of a police officer.

**PROPOSITION OF LAW NO. IV:** To properly authenticate images in a prosecution under § 2907.323, the State must establish more than the images were recovered from the Defendants' possession, chain of custody. The State must establish the image is what the State claims it to be, an actual minor engaged in sexual activity.

**PROPOSITION OF LAW NO. V:** The judicially created element of "Lewd Exhibition and Graphic Focus of the Genitals" is overbroad and vague, while both are required to sustain a conviction of § 2907.323(A)(3).

Doc. 10, Exh. 22. Eventually, the Supreme Court affirmed the judgment of the Court of Appeals as to the first two propositions of law and dismissed the third as having been improvidently granted. *See State v. Huffman*, 114 Ohio St.3d 433, 872 N.E.2d 1213 (2007). While the above appeals were pending, on August 1, 2005, Petitioner filed a motion for post-conviction relief under O.R.C. § 2953.21 making the following claims:

**CLAIM NO. 1:** Unlawful Search

**CLAIM NO. 2:** Over Broad Search Warrant.

**CLAIM NO. 3:** No Arrest Warrant

**CLAIM NO. 4:** Invalid Service of the Return on the Search Warrant.

**CLAIM NO. 5:** Self-incrimination

**CLAIM NO. 6:** Speedy Trial.

Doc. 10, Exh. 34. The Court of Common Pleas denied this motion. See Doc. 10, Exh. 34. Petitioner again appealed. This appeal was dismissed as untimely and the Ohio Supreme Court declined jurisdiction. Ultimately, on March 29, 2007, Petitioner filed the instant petition for a writ of habeas corpus, in which he raises thirty-three grounds for relief. They are as follows:

**GROUND FOR RELIEF NO. 1:** VAGUE AND OVERBROAD LAWS ARE UNCONSTITUTIONAL.

**GROUND FOR RELIEF NO. 2:** A CONVICTION BASED ON INSUFFICIENT EVIDENCE IS A DENIAL OF STATE AND FEDERAL "DUE PROCESS."

**GROUND FOR RELIEF NO. 3:** THE CONSTITUTION PROHIBITS A CONVICTION WHICH IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**GROUND FOR RELIEF NO. 4:** THE UNITED STATES AND OHIO CONSTITUTION PROHIBIT SENTENCES BASED ON FACTS NOT PROVEN TO A JURY OR ADMITTED BY THE ACCUSED.

**GROUND FOR RELIEF NO. 5:** THE INFERENCE IN ORC § 2907.322(B)(3) RENDERS ORC § 2907.322(A)(1) UNCONSTITUTIONALLY OVERBROAD WHILE IMPERMISSIBLY SHIFTING THE BURDEN OF PRODUCTION TO THE DEFENDANT.

**GROUND FOR RELIEF NO. 6:** OVERBROAD LAWS IMPROPERLY SUPPRESS LAWFUL SPEECH AS A MEANS TO SUPPRESS UNLAWFUL SPEECH.

**GROUND FOR RELIEF NO. 7:** BECAUSE OF ADVANCED AND WIDELY AVAILABLE COMPUTER TECHNOLOGY, ORC § 2907.322 IS UNCONSTITUTIONALLY VAGUE BECAUSE IT CAN ONLY BE ENFORCED BASED ON THE SUBJECTIVE BELIEF OF POLICE OFFICERS, JUDGES, PROSECUTORS, AND LAWYERS.

**GROUND FOR RELIEF NO 8:** TO PROPERLY AUTHENTICATE IMAGES IN A PROSECUTION UNDER ORC § 2907.323 AND/OR § 2907.322, THE STATE MUST ESTABLISH MORE THAN, THE DEFENDANT'S POSSESSION, CHAIN OF CUSTODY.

**GROUND FOR RELIEF NO. 9:** THE JUDICIALLY CREATED ELEMENT OF "LEWD EXHIBITION AND GRAPHIC FOCUS ON THE GENITALS" IS OVERBROAD AND VAGUE, WHILE BOTH ARE RE-QUIRED TO SUSTAIN A CONVICTION OF ORC § 2907.323(A)(1) & (3).

**GROUND FOR RELIEF NO. 10:** EVERY CITIZEN OF THE UNITED STATES IS PROTECTED BY THE CONSTITUTION FROM UNLAWFUL SEARCHES.

**GROUND FOR RELIEF NO. 11:** A VAGUE OR OVERLY BROAD CONSTRUCTED SEARCH WARRANT IS AN UNREASONABLE SEARCH, BECAUSE IT EMBRACES A GENERAL SEARCH BY ITS LACK OF PARTICULARITY.

**GROUND FOR RELIEF NO. 12:** WHEN NO CRIME IS WITNESSED BY AN ARRESTING POLICE OFFICER, THE ARREST IS UNLAWFUL WITHOUT AN ARREST WARRANT.

**GROUND FOR RELIEF NO. 13:** A SEARCH WARRANT IS VOID, WHEN THE ACTIONS OF THE POLICE WHO EXECUTE IT BECOME UNLAWFUL.

**GROUND FOR RELIEF NO. 14:** SELF–INCRIMINATING EVIDENCE SHALL NOT BE USED IN A COURT OF LAW WITHOUT THE PERMISSION OF ITS OWNER, ONCE A SEARCH WARRANT IS VOID.

**GROUND FOR RELIEF NO. 15:** DEFENDANTS NEED NOT FILE A SPECIAL MOTION TO EXERCISE THEIR RIGHT TO A SPEEDY TRIAL WHICH IS GUARANTEED UNDER ORC §§ 2945.71–3, ARTICLE I, § 10 OF THE OHIO CONSTITUTION, AND THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

**GROUND FOR RELIEF NO. 16:** A CITIZEN HAS THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT EVERY STAGE OF THEIR TRIAL.

**GROUND FOR RELIEF NO. 17:** THE ACCUSED HAS EVERY RIGHT TO A FULL DISCLOSURE OF ALL EVIDENCE AND WITNESSES THAT WILL BE PRESENTED EITHER FOR OR AGAINST THE DEFENSE WITH EVERY PRIVILEGE TO REVIEW AND PREPARE A DEFENSE WITH ADEQUATE ASSISTANCE.

**GROUND FOR RELIEF NO. 18:** THE ACCUSED MUST BE PROVIDED AN OPPORTUNITY TO CONFUTE THE PROSECUTION'S CLAIMS IN FRONT OF AN IMPARTIAL JURY.

**GROUND FOR RELIEF NO. 19:** ACCURATE EVIDENCE MUST BE PRESENTED IN A COURT OF LAW WHETHER IT IS FAVORABLE OR UNFAVORABLE FOR THE ACCUSED.

**GROUND FOR RELIEF NO. 20:** RES JUDICATA DOES NOT BAR A PETITIONER FROM THE RIGHT OF HAVING A POSTCONVICTION PETITION PROPERLY REVIEWED BY THE TRIAL COURT, FOR FINDINGS OF SUBSTANTIVE GROUNDS FOR RELIEF.

**GROUND FOR RELIEF NO. 21:** A POSTCONVICTION PETITION CANNOT BE BARRED BY RES JUDICATA, IF THE PETITIONER HAD THE SAME ATTORNEY AT TRIAL AND UPON HIS/HER DIRECT APPEAL.

**GROUND FOR RELIEF NO. 22:** A PRO SE PETITIONER FILING AN AFFIDAVIT AS HIS POSTCONVICTION, SUPPORTS HIS CLAIMS AND MUST BE CONSIDERED AS TRUE, IF THE PROSECUTOR AND TRIAL COURT ARE UNABLE TO NEGATE THE PETITIONER'S ALLEGATIONS, AFTER THEY EXAMINE ALL THE RECORDS.

**GROUND FOR RELIEF NO. 23:** REASONABLE NOTICE OF A FINAL ORDER MUST BE SERVED UPON PRISONER, ACTING PRO SE, BY THE CLERK OF THE DECIDING COURT, IN ORDER TO PRESERVE THE RIGHTS TO APPEAL.

**GROUND FOR RELIEF NO. 24:** A POSTCONVICTION PETITION FILED BY A PRO SE PRISONER MUST BE HELD TO A LESSER STRINGENT STANDARD, IN ORDER NOT TO BAR THE PRISONER BY TECHNICAL GROUNDS, AND THE PRISONER/PETITIONER MUST BE GIVEN AN OPPORTUNITY TO EITHER REMEDY OR SHOW CAUSE FOR ANY DEFECTS.

**GROUND FOR RELIEF NO. 25:** IT IS A VIOLATION OF THE "EX POST FACTO" CLAUSE OF THE UNITED STATES CONSTITUTION, AS WELL AS THE "BILL OF RIGHTS" OF THE OHIO CONSTITUTION, WHEN THE OHIO SUPREME COURT SEVERS VITAL PORTIONS OF THE OHIO REVISED CODE, CAUSING A HARSHER SENTENCE TO BE IMPOSED UPON A CONVICTION, THAN WAS POSSIBLE BY THE LAW WHEN THE OFFENSE WAS COMMITTED.

**GROUND FOR RELIEF NO. 26:** IT IS THE RIGHT OF EVERY PERSON TO POSSESS PERSONAL PROPERTY, WHICH IS PROTECTED UNDER THE UNITED STATES CONSTITUTION, THE OHIO CONSTITUTION, AS WELL AS BOTH FEDERAL AND STATE LAWS, FROM BEING TAKEN UNLAWFULLY BY THE GOVERNMENT.

**GROUND FOR RELIEF NO. 27:** DESCRIMINATION [sic] OCCURS WHEN ONE CLASS OF PEOPLE IS DENIED THEIR "EQUAL PROTEC-

TION OF THE LAWS," WHEREBY UNFAIR LABOR PRACTICES DENY A PERSON A FAIR RATE OF EXCHANGE FOR THEIR LABOR, IF USED TOWARDS THE PAYMENT OF A CIVIL DEBT.

**GROUND FOR RELIEF NO. 28:** AN INDIGENT IS A POOR PERSON WHO IS FOUND TO BE FINANCIALLY UNABLE TO PAY FILING FEES AND COURT COSTS, THUS ALLOWED TO PROCEED *IN FORMA PAUPERIS.*

**GROUND FOR RELIEF NO. 29:** A CASE COST BILLING FOR COURT COSTS MUST BE ACCURATE AND TRULY REFLECT THE DEBT OWED, PRIOR TO ANY ATTEMPT TO COLLECT FROM THE DEFENDANT OF THE CASE.

**GROUND FOR RELIEF NO. 30:** A TRIAL COURT CAN NOT IMPOSE A HARSHER SENTENCE UPON THE CONVICTION OF THE ACCUSED, JUST BECAUSE THE ACCUSED DOES NOT TAKE THE PLEA DEAL OFFERED, BUT TAKES HIS/HER CASE TO TRIAL, INSTEAD.

**GROUND FOR RELIEF NO. 31:** PROPERTY SEIZED BY POLICE DURING THE EXECUTION OF A SEARCH WARRANT IS NOT AUTOMATICALLY FORFEITED DUE TO IT BEING THE SUBJECT OF THE SEIZURE, WHEN IT HAS NOT BEEN PROVEN TO BE ILLEGAL IN A COURT OF LAW AND FORFEITURE PROCEEDINGS WERE NOT FILED WITHIN THE REQUIRED TIME ALLOTTED BY OHIO FORFEITURE LAW.

**GROUND FOR RELIEF NO. 32:** COPYRIGHT LAWS EXIST TO PROTECT PHOTOGRAPHIC WORKS AND THEIR CREATOR FROM THE WORKS BEING COPIED, AND EVEN POLICE MAY NOT INFRINGE UPON THESE RIGHTS BY PHOTOGRAPHING AND KEEPING COPIES OF THESE WORKS, NOR MAY ANY OFFICER OF THE COURT RETAIN COPIES WITHOUT THE CREATOR'S WRITTEN CONSENT.

**GROUND FOR RELIEF NO. 33:** A PERSON MAY NOT BE FOUND GUILTY OF ALLIED OFFENSES, SINCE THE ELEMENTS OF ONE CRIME RESULTS IN THE COMMISSION OF THE OTHER AND BOTH OFFENSES CAN BE CONSTRUED FROM THE SAME CONDUCT AND EVIDENCE, CAUSING THE PERSON TO BE TWICE PUT IN JEOPARDY OF LIFE OR LIMB.

(Doc. 3).

Respondent argues that Petitioner's Grounds 2, 3, 8, 9, 10–19, 25, and 30–33 are not cognizable due to Petitioner's procedural default. Respondent further argues that Petitioner's Grounds 20–24 are not cognizable due to the post-conviction proceedings addressing collateral matters unrelated to Petitioner's detention. Similarly, Respondent argues that Grounds 26–29 are not cognizable as the claims involve matters which are ancillary to the underlying conviction and sentence. Finally, Respondent argues that Ground 4 is moot and that Grounds 1, 5, 6, 7 should be denied as lacking in merit. See Doc. 19.

## II. Legal Standard

When objections are received to a magistrate judge's Report and Recommendation on a dispositive matter, the assigned district judge "shall make a de novo determination . . . of any portion of the magistrate judge's disposition to which specific written objection has been made. . . ." Fed. R.Civ.P. 72(b). After review, the district judge "may accept, reject or modify the recommended decision, receive further evidence, or recommit the matter to the mag-

istrate judge with instructions." *Id.; see also* 28 U.S.C. 636(b)(1)(B). General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object."

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104–132, 110 Stat. 1214 (1996) ("AEDPA"), governs the standards of review for state court decisions. The AEDPA provides that federal courts cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). See also *Miller v. Francis*, 269 F.3d 609, 614 (6th Cir.2001).

■ The United States Supreme Court outlined the proper application of § 2254(d) in *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). To justify a grant of habeas relief under the "contrary to" clause, "a federal court must find a violation of law clearly established by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision." *Miller*, 269 F.3d at 614 (internal quotations omitted) (quoting *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389). Meanwhile, "under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 1523. The Sixth Circuit has held that, even if a

federal court could determine that a state court incorrectly applied federal law, the court still could not grant relief unless it also finds that the state court ruling was unreasonable. *Simpson v. Jones*, 238 F.3d 399, 405 (6th Cir.2000).

■ However, a habeas corpus petitioner must have first fairly presented his federal constitutional claims to the state courts for consideration before raising them here. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275–76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). The petitioner must present both the factual and legal underpinnings of his claims, including if it is of a federal constitutional nature, to the state's highest court for the claim to be deemed "fairly presented." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir.1987); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir.1990); *Leroy v. Marshall*, 757 F.2d 94, 97, 99–100 (6th Cir.), *cert. denied*, 474 U.S. 831, 106 S.Ct. 99, 88 L.Ed.2d 80 (1985). This is because states bear the same obligation to protect the constitutional rights of criminal defendants as do federal courts. Thus, in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those claims to the state courts for consideration. 28 U.S.C. § 2254(b), (c); *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982) (per curiam). If a petitioner can no longer present his claims to the state courts, then he has also waived those claims for purposes of federal habeas corpus review, unless he can demonstrate that there was a procedural default, the cause for the procedural default, and actual prejudice from the alleged constitutional

error. *Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Engle v. Isaac*, 456 U.S. 107, 129, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). The prejudice must have worked to the petitioner's "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *U.S. v. Frady*, 456 U.S. 152, 172, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982).

## III. Analysis [3]

### A. Grounds One, Five, Six and Seven

■ Petitioner argues, in Grounds 1, 5, 6 and 7, that certain laws are unconstitutional due to certain statutes being vague and overbroad. The First District Court of Appeals addressed this issue on the merits and denied Petitioner's appeal. *See State v. Huffman*, 165 Ohio App.3d 518, 847 N.E.2d 58 (Ohio App. 1st Dist.2006). This decision was affirmed by the Ohio Supreme Court.

Petitioner challenges the constitutionality of O.R.C. § 2907.322(A)(1) which provides that "no person, with knowledge of the character of the material or performance involved, shall ... create, record, photograph, film, develop, reproduce, or publish any material that shows a minor participating or engaging in sexual activity, masturbation, or bestiality." As the Court understands it, Petitioner is arguing that the Court can not determine if a person has "knowledge of the character of the material" because it is difficult to determine if the pornography is real or virtual.

Upon a review of the Court of Appeals decision, it is clear that the appellate court's adjudication of these issues did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as deter-

mined by the Supreme Court of the United States." See 28 U.S.C. § 2254(d) (1). Thus, the Court agrees with the Report. Grounds 1, 5, 6 and 7 are denied.

### B. Ground Two

■ Petitioner argues that his convictions were not supported by sufficient evidence. The Respondent asserts that this ground is procedurally defaulted because it was not preserved in Petitioner's appeal from the Court of Appeals to the Supreme Court. In his Objections, Petitioner now argues that his failure to raise this issue to the Supreme Court is a result of ineffective counsel. However, as set forth in the Report and the Supplemental Report, Petitioner never raised the ineffective assistance of counsel claim before the state courts. See Doc. 30 at 24; Doc. 33 at 4. Therefore, the Court agrees with the Magistrate Judge. The Ohio Supreme Court has a rule requiring that issues be presented to the Supreme Court before it will rule on such issues. Here, the Petitioner failed to raise sufficiency of the evidence or ineffective assistance of counsel before the Supreme Court and he also failed to set forth "cause" as to why he did not follow the procedural rule. See Doc. 30 at 19–21. In addition, Petitioner argues that the state courts "have the privilege of De Novo [review]" and that it is the court's duty "to protect [its] citizens from unfair persecution under the 14th Amendment according to the 'equal protection clause.'" Doc. 32 at 8. However, as set forth in the Supplemental Report, which was not objected to, "Ohio appellate courts will almost never review an issue not raised by the parties and the whole doctrine of procedural default prevents federal courts from considering issues not properly preserved." Doc. 33 at 3. Thus, Ground 2 is

---

**3.** For clarity purposes, this Court will follow   the same format as the Report.

procedurally defaulted and is hereby dismissed with prejudice.

### C. Ground Three

As to Ground 3, Petitioner here asserts that the constitution prohibits a conviction which is against the manifest weight of the evidence. Respondent again argues a procedural default for failing to raise the issue before the Ohio Supreme Court. The Report finds "the claim that a conviction is against the manifest weight of the evidence states a claim under Ohio law, but not under the United States Constitution" and, thus, federal habeas corpus relief is not available. Doc. 30 at 23. In his objections, Petitioner argues that a "state remedy that fails to provide justice, comes into direct conflict with the 14th Amendment 'due process' clause." Doc. 32 at 9. However, he cites no case law to support his assertion and the Court can find none. The Court is limited to challenges that violate the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 2254(a). Ground 3 does not qualify. Therefore, the Court agrees with the Report and finds that Ground 3 is hereby dismissed for failure to state a claim upon which federal habeas corpus relief can be granted. Furthermore, even assuming *arguendo* that Petitioner is correct, his claim is still procedurally defaulted for abandoning the issue before the Ohio Supreme Court and is thereby dismissed with prejudice.

### D. Ground Four

In Ground 4 Petitioner claims that the United States and Ohio constitutions prohibit sentences based on facts not proven to a jury or admitted by the accused. However, this claim is moot based upon Petitioner's admission that he raised this issue on direct appeal and received a remand for re-sentencing. However, Petitioner argues in his objections that this claim should now be incorporated into Ground 25 and that the remand demonstrates that a constitutional violation did occur. By remanding the matter back to the state court for re-sentencing, the Court of Appeals provided the relief requested. Thus, this matter is moot.

### E. Ground Eight

As to Ground 8, Petitioner claims that "to properly authenticate images ... the state must establish more than, the defendant's possession, chain of custody." Again, Respondent argues procedural default. The Report recommends that this ground be dismissed for that reason and because it is "a claim of Ohio evidence law which is not cognizable in federal habeas corpus." Doc. 30 at 24. This Court agrees with the Report. Petitioner, in his Objections, also argues that his counsel was ineffective. Again, this argument was not previously raised and therefore can not be considered here. Ground 8 is hereby dismissed with prejudice.

### F. Ground Nine

Ground 9 is as follows: "the judicially created element of 'lewd exhibition and graphic focus on the genitals' is overbroad and vague, while both are required to sustain a conviction of ORC § 2907.323(a)(1) & (3)." Respondent argues that this claim is procedurally defaulted and the Report agrees. In his Objections, Petitioner again raises ineffective assistance of counsel arguing that this Court should ignore the requirement that matters be fully exhausted and find in his favor. However, the rules governing federal habeas corpus review are clear—a habeas corpus petitioner must have first fairly presented his federal constitutional claims to the state courts for consideration before raising them here. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982) (per cu-

riam); *Picard v. Connor,* 404 U.S. 270, 275–76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). Thus, Ground 9 is dismissed with prejudice. In addition, Petitioner, in his objections, argues that this Ground is an extension of Ground 1. However, as set forth above, Grounds 1 is denied.

### G. Grounds Ten through Fifteen, Seventeen through Nineteen

In Grounds 10–15, and 17–19, Petitioner raises the same claims that he asserted in his petitioner for post-conviction relief. Here again Respondent argues a procedural default based upon Ohio's criminal *res judicata* doctrine. The Report agrees with Respondent and recommends dismissal with prejudice. Petitioner objects to this recommendation arguing that these claims were not raised due to counsel's ineffectiveness. However, such a claim needed to be raised in the state courts, not for the first time, in federal court on a habeas corpus petition. Therefore, Grounds 10–15 and 17–19 are hereby dismissed with prejudice.

### H. Ground Sixteen

■ Here Petitioner does allege ineffective assistance of counsel, however, such claim was not previously raised in the state courts. In his Objections, Petitioner argues that the state courts had the facts before them and should have addressed the ineffective assistance of counsel issue even though it was not raised before them. As set forth above, "Ohio appellate courts will almost never review an issue not raised by the parties and the whole doctrine of procedural default prevents federal courts from considering issues not properly preserved." Doc. 33 at 3. Furthermore, in order to establish a constitutional claim of ineffective assistance of counsel under the Sixth Amendment, a petitioner must demonstrate: (1) his attorney made such serious errors that he was not functioning as the "counsel" guar-

anteed by the Sixth Amendment; and (2) his attorney's deficient performance prejudiced the defense by undermining the reliability of the trial result. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Here, Petitioner, even if he had exhausted this issue, has failed to meet the criteria set forth in *Strickland.* Thus, Ground 16 is dismissed with prejudice.

### I. Grounds Twenty through Twenty–Four

In Grounds 20–24 Petitioner raises claims that relate to post-conviction petition procedures in Ohio state courts. As have been previously determined in *Kirby v. Dutton,* 794 F.2d 245 (6th Cir.1986), these types of claims are not cognizable in federal habeas corpus. The Court in *Kirby* held that "the [habeas corpus] writ is not the proper means by which prisoners should challenge errors or deficiencies in state post-conviction proceedings such as Kirby claims here because the claims address collateral matters and not the underlying state conviction giving rise to the prisoner's incarceration." *Kirby v. Dutton,* 794 F.2d 245, 247 (6th Cir.Tenn.1986) (citations omitted); *see also Roe v. Baker,* 316 F.3d 557, 571 (6th Cir.2002); *Cress v. Palmer,* 484 F.3d 844, 853 (6th Cir.2007). Without consideration of the holding in *Kirby,* Petitioner argues that his "case has been road blocked by the judicial system …". Doc. 32 at 12. Even if that Petitioner's argument had merit, his claims are not proper before this Court. Grounds 20–24 are hereby dismissed without prejudice for failure to state a claim on which habeas corpus relief can be granted.

### J. Ground Twenty–Five

Ground 25 is as follows: "it is a violation of the 'ex post facto' clause of the United States Constitution, as well as the "bill of rights" of the Ohio Constitution, when the Ohio Supreme Court severs vital portions

of the Ohio Revised Code, causing a harsher sentence to be imposed upon a conviction, than was possible by the law when the offense was committed." Petitioner's claim as to a violation of the bill of rights of the Ohio Constitution is not proper before this Court as it does not involve a challenge to the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 2254(a). As to the rest of Petitioner's claim, it appears that he is challenging his sentence based upon the Supreme Court's holding in *State v. Foster,* 109 Ohio St.3d 1, 845 N.E.2d 470 (2006). Because Petitioner's appeal was pending when *Foster* was decided, the Court of Appeals remanded his case for re-sentencing. Petitioner was then given the same sentence that was previously imposed upon him. In his Objections, Petitioner attempts to clarify his argument. As it appears to the Court, Petitioner now argues that since *Foster* was decided by the Ohio Supreme Court after his trial was completed his re-sentencing is a violation of the Ex Post Facto Clause. The Court does not find merit in this argument. Additionally, this argument was not raised before the Ohio Supreme Court and is therefore also procedurally defaulted. Ground 25 is hereby dismissed with prejudice.

K. Grounds Twenty–Six through Twenty–Nine, Thirty–One and Thirty–Two

Grounds 26–29, and 31–32 are property issues. Petitioner claims that he should not have had to pay court costs while confined and that the police improperly seized and copied photographs. Petitioner argues that these property issues "would not have occurred had [he] not faced unconstitutional incarceration." Doc. 32 at 13. Regardless, the Court is limited to challenges that result in one's confinement and these do not. Such issues had no relation to his conviction and sentence. Thus, Grounds 26–29 and 31–32 are dismissed without prejudice for failure to state claims which are cognizable in a habeas corpus action.

L. Ground Thirty

In this Ground for relief, Petitioner complains that he received a harsher sentence by going to trial then he would have had he accepted a plea deal. The Report recommends dismissal due to a procedural default. In his objections, Petitioner essentially concedes this fact by stated that "this ground can be dismissed ...". Doc. 32 at 13. Therefore, Ground 30 is dismissed with prejudice.

IV. Conclusion

For the reasons provided below, the Court ADOPTS the Magistrate Judge's Report and Recommendation (Doc. 30) and the Supplemental Report and Recommendation (Doc. 33) and DENIES the Petitioner's requests for relief. This matter is hereby DISMISSED.

**IT IS SO ORDERED.**

**REPORT AND RECOMMENDATIONS**

MICHAEL R. MERZ, United States Chief Magistrate Judge.

This habeas corpus case is before the Court for decision on the merits.

In making this Report, the Magistrate Judge considers only the Petition (Doc. No. 3) and the Return of Writ (Doc. No. 19). Petitioner's Answer to Return of Writ (Doc. No. 28) was filed on July 17, 2008, 188 days after the Answer, and three days after last extension of time granted to Petitioner to file had expired.[1] Petitioner

---

1. Petitioner has been released from custody and is therefore not entitled to benefit of the "mailbox rule" of *Houston v. Lack.*

has not appealed from the Order striking his Answer and the time in which he could do so has expired.

Although Petitioner has now been released from custody, he was in custody when he filed the Petition and the case is therefore not moot. *Carafas v. LaVallee*, 391 U.S. 234, 237, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968)

### Procedural History

Huffman was convicted at a bench trial and sentenced in the Hamilton County Common Pleas Court on two counts of illegal use of a minor in nudity-oriented material or performance, five counts of voyeurism and two counts of pandering sexually oriented matter involving a minor.

On direct appeal, Petitioner raised the following assignments of error:

*ASSIGNMENT OF ERROR NO. 1:* Vague and overbroad laws are unconstitutional. A law is vague when it is unclear in its prohibitions, and overbroad when it reaches both protected and unprotected conduct. Section § 2907.322 is vague, and overbroad. Did the trial court violate Mark's due process guarantees by failing to dismiss counts 9 through 28?

*ASSIGNMENT OF ERROR NO. 2:* A conviction based on insufficient evidence is a denial of due process. A court may not convict a defendant where a rational trier-of-fact could not find all the elements were proven beyond a reasonable doubt. Were Mark's rights violated when he was convicted after the state failed to prove all essential elements?

*ASSIGNMENT OF ERROR NO. 3:* the Constitution prohibits a conviction which is against the manifest weight of the evidence. A court may not convict a defendant where the trier-of fact loses its way in weighing the evidence. Was Mark's conviction a manifest miscarriage of justice?

*ASSIGNMENT OF ERROR NO. 4:* The federal and Ohio Constitutions prohibit sentences based on facts not proven to a jury or admitted by the accused. Ohio law prohibits a non-minimum sentence when the defendant has never previously served a prison sentence. Were Mark's rights violated when the court imposed a sentence violating constitutional and Ohio law?

(Appellant's Brief, Exhibit 14 to Doc. No. 10). The Court of Appeals overruled the first three assignments of error and sustained the fourth, remanding the case for a new sentencing hearing on the second-degree felonies under *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006). *State v. Huffman*, 165 Ohio App.3d 518, 847 N.E.2d 58 (Ohio App. 1st Dist.2006).

Petitioner then appealed to the Ohio Supreme Court, raising the following Propositions of Law:

*PROPOSITION OF LAW NO. I:* The inference in § 2907.322(b)(3) renders § 2907.322(A)(1) unconstitutionally overbroad while impermissibly shifting the burden of production to the defendant.

*PROPOSITION OF LAW NO. II:* Overbroad laws improperly suppress lawful speech as a means to suppress unlawful speech. Section 2907.322 is unconstitutional because there are no standards for determining if the images contain actual minors and not standards for police enforcement, resulting in the suppression of material which enjoys First Amendment Protection.

*PROPOSITION OF LAW NO. III:* Because of advanced and widely available computer technology, § 2907.322 is unconstitutionally vague because it can only be enforced based on the subjective belief of a police officer.

*PROPOSITION OF LAW NO. IV:* To properly authenticate images in a prosecution under § 2907.323, the State must

establish more than the images were recovered from the Defendants' possession, chain of custody. The State must establish the image is what the State claims it to be, an actual minor engaged in sexual activity.

**PROPOSITION OF LAW NO. V:** The judicially created element of "Lewd Exhibition and Graphic Focus of the Genitals" is overbroad and vague, while both are required to sustain a conviction of § 2907.323(A)(3).

(Memorandum in Support of Jurisdiction, Exhibit 22 to Doc. No. 10). The Ohio Supreme Court accepted the appeal on Propositions of Law I, II, and III. Eventually[2] it affirmed the judgment of the Court of Appeals on Propositions of Law I and II on the authority of its decision in *State v. Tooley,* 114 Ohio St.3d 366, 872 N.E.2d 894 (2007), and dismissed the appeal on Proposition of Law III as having been improvidently granted. *State v. Huffman,* 114 Ohio St.3d 433, 872 N.E. 1213 (2007).

On August 1, 2005, Petitioner filed a petition for post-conviction relief under Ohio Revised Code § 2953.21 making the following claims:

**CLAIM NO. 1:** UNLAWFUL SEARCH

**CLAIM NO. 2:** OVER BROAD SEARCH WARRANT.

**CLAIM NO. 3:** NO ARREST WARRANT

**CLAIM NO. 4:** INVALID SERVICE OF THE RETURN ON THE SEARCH WARRANT.

**CLAIM NO. 5:** SELF–INCRIMINATION

**CLAIM NO. 6:** SPEEDY TRIAL.

The Common Pleas Court denied relief (Motion to Dismiss, Doc. No. 10, Exhibit 34). The Court of Appeals dismissed an appeal from that decision as untimely (Id.

at Exhibit 36) and the Ohio Supreme Court declined jurisdiction of a further appeal (*Id.* at Exhibit 39).

Petitioner now seeks habeas corpus relief from this Court, pleading thirty-three Grounds for Relief as follows:

**GROUND FOR RELIEF NO. 1:** VAGUE AND OVERBROAD LAWS ARE UNCONSTITUTIONAL.

**GROUND FOR RELIEF NO. 2:** A CONVICTION BASED ON INSUFFICIENT EVIDENCE IS A DENIAL OF STATE AND FEDERAL "DUE PROCESS."

**GROUND FOR RELIEF NO. 3:** THE CONSTITUTION PROHIBITS A CONVICTION WHICH IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**GROUND FOR RELIEF NO. 4:** THE UNITED STATES AND OHIO CONSTITUTION PROHIBIT SENTENCES BASED ON FACTS NOT PROVEN TO A JURY OR ADMITTED BY THE ACCUSED.

**GROUND FOR RELIEF NO. 5:** THE INFERENCE IN ORC § 2907.322(B)(3) RENDERS ORC § 2907.322(A)(1) UNCONSTITUTIONALLY OVERBROAD WHILE IMPERMISSIBLY SHIFTING THE BURDEN OF PRODUCTION TO THE DEFENDANT.

**GROUND FOR RELIEF NO. 6:** OVERBROAD LAWS IMPROPERLY SUPPRESS LAWFUL SPEECH AS A MEANS TO SUPPRESS UNLAWFUL SPEECH.

**GROUND FOR RELIEF NO. 7:** BECAUSE OF ADVANCED AND WIDELY AVAILABLE COMPUTER TECHNOLOGY, ORC § 2907.322 IS

---

**2.** Having accepted the appeal, the Ohio Supreme Court stayed decision pending its consideration of the *Tooley* case.

UNCONSTITUTIONALLY VAGUE BECAUSE IT CAN ONLY BE ENFORCED BASED ON THE SUBJECTIVE BELIEF OF POLICE OFFICERS, JUDGES, PROSECUTORS, AND LAWYERS.

*GROUND FOR RELIEF NO 8:* TO PROPERLY AUTHENTICATE IMAGES IN A PROSECUTION UNDER ORC § 2907.323 AND/OR § 2907.322, THE STATE MUST ESTABLISH MORE THAN, THE DEFENDANT'S POSSESSION, CHAIN OF CUSTODY.

*GROUND FOR RELIEF NO. 9:* THE JUDICIALLY CREATED ELEMENT OF "LEWD EXHIBITION AND GRAPHIC FOCUS ON THE GENITALS" IS OVERBROAD AND VAGUE, WHILE BOTH ARE REQUIRED TO SUSTAIN A CONVICTION OF ORC § 2907.323(A)(1) & (3).

*GROUND FOR RELIEF NO. 10:* EVERY CITIZEN OF THE UNITED STATES IS PROTECTED BY THE CONSTITUTION FROM UNLAWFUL SEARCHES.

*GROUND FOR RELIEF NO. 11:* A VAGUE OR OVERLY BROAD CONSTRUCTED SEARCH WARRANT IS AN UNREASONABLE SEARCH, BECAUSE IT EMBRACES A GENERAL SEARCH BY ITS LACK OF PARTICULARITY.

*GROUND FOR RELIEF NO. 12:* WHEN NO CRIME IS WITNESSED BY AN ARRESTING POLICE OFFICER, THE ARREST IS UNLAWFUL WITHOUT AN ARREST WARRANT.

*GROUND FOR RELIEF NO. 13:* A SEARCH WARRANT IS VOID, WHEN THE ACTIONS OF THE POLICE WHO EXECUTE IT BECOME UNLAWFUL.

*GROUND FOR RELIEF NO. 14:* SELF–INCRIMINATING EVIDENCE SHALL NOT BE USED IN A COURT OF LAW WITHOUT THE PERMISSION OF ITS OWNER, ONCE A SEARCH WARRANT IS VOID.

*GROUND FOR RELIEF NO. 15:* DEFENDANTS NEED NOT FILE A SPECIAL MOTION TO EXERCISE THEIR RIGHT TO A SPEEDY TRIAL WHICH IS GUARANTEED UNDER ORC §§ 2945.71–3, ARTICLE I, § 10 OF THE OHIO CONSTITUTION, AND THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

*GROUND FOR RELIEF NO. 16:* A CITIZEN HAS THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT EVERY STAGE OF THEIR TRIAL.

*GROUND FOR RELIEF NO. 17:* THE ACCUSED HAS EVERY RIGHT TO A FULL DISCLOSURE OF ALL EVIDENCE AND WITNESSES THAT WILL BE PRESENTED EITHER FOR OR AGAINST THE DEFENSE WITH EVERY PRIVILEGE TO REVIEW AND PREPARE A DEFENSE WITH ADEQUATE ASSISTANCE.

*GROUND FOR RELIEF NO. 18:* THE ACCUSED MUST BE PROVIDED AN OPPORTUNITY TO CONFUTE THE PROSECUTION'S CLAIMS IN FRONT OF AN IMPARTIAL JURY.

*GROUND FOR RELIEF NO. 19:* ACCURATE EVIDENCE MUST BE PRESENTED IN A COURT OF LAW WHETHER IT IS FAVORABLE OR UNFAVORABLE FOR THE ACCUSED.

*GROUND FOR RELIEF NO. 20:* RES JUDICATA DOES NOT BAR A PETITIONER FROM THE RIGHT OF HAVING A POSTCONVICTION PETITION PROPERLY REVIEWED BY THE TRIAL COURT, FOR FINDINGS OF SUBSTANTIVE GROUNDS FOR RELIEF.

**GROUND FOR RELIEF NO. 21:** A POSTCONVICTION PETITION CANNOT BE BARRED BY RES JUDICATA, IF THE PETITIONER HAD THE SAME ATTORNEY AT TRIAL AND UPON HIS/HER DIRECT APPEAL.

**GROUND FOR RELIEF NO. 22:** A PRO SE PETITIONER FILING AN AFFIDAVIT AS HIS POSTCONVICTION, SUPPORTS HIS CLAIMS AND MUST BE CONSIDERED AS TRUE, IF THE PROSECUTOR AND TRIAL COURT ARE UNABLE TO NEGATE THE PETITIONER'S ALLEGATIONS, AFTER THEY EXAMINE ALL THE RECORDS.

**GROUND FOR RELIEF NO. 23:** REASONABLE NOTICE OF A FINAL ORDER MUST BE SERVED UPON PRISONER, ACTING PRO SE, BY THE CLERK OF THE DECIDING COURT, IN ORDER TO PRESERVE THE RIGHTS TO APPEAL.

**GROUND FOR RELIEF NO. 24:** A POSTCONVICTION PETITION FILED BY A PRO SE PRISONER MUST BE HELD TO A LESSER STRINGENT STANDARD, IN ORDER NOT TO BAR THE PRISONER BY TECHNICAL GROUNDS, AND THE PRISONER/PETITIONER MUST BE GIVEN AN OPPORTUNITY TO EITHER REMEDY OR SHOW CAUSE FOR ANY DEFECTS.

**GROUND FOR RELIEF NO. 25:** IT IS A VIOLATION OF THE "EX POST FACTO" CLAUSE OF THE UNITED STATES CONSTITUTION, AS WELL AS THE "BILL OF RIGHTS" OF THE OHIO CONSTITUTION, WHEN THE OHIO SUPREME COURT SEVERS VITAL PORTIONS OF THE OHIO REVISED CODE, CAUSING A HARSHER SENTENCE TO BE IMPOSED UPON A CONVICTION, THAN WAS POSSIBLE BY THE LAW WHEN THE OFFENSE WAS COMMITTED.

**GROUND FOR RELIEF NO. 26:** IT IS THE RIGHT OF EVERY PERSON TO POSSESS PERSONAL PROPERTY, WHICH IS PROTECTED UNDER THE UNITED STATES CONSTITUTION, THE OHIO CONSTITUTION, AS WELL AS BOTH FEDERAL AND STATE LAWS, FROM BEING TAKEN UNLAWFULLY BY THE GOVERNMENT.

**GROUND FOR RELIEF NO. 27:** DESCRIMINATION [sic] OCCURS WHEN ONE CLASS OF PEOPLE IS DENIED THEIR "EQUAL PROTECTION OF THE LAWS," WHEREBY UNFAIR LABOR PRACTICES DENY A PERSON A FAIR RATE OF EXCHANGE FOR THEIR LABOR, IF USED TOWARDS THE PAYMENT OF A CIVIL DEBT.

**GROUND FOR RELIEF NO. 28:** AN INDIGENT IS A POOR PERSON WHO IS FOUND TO BE FINANCIALLY UNABLE TO PAY FILING FEES AND COURT COSTS, THUS ALLOWED TO PROCEED *IN FORMA PAUPERIS*.

**GROUND FOR RELIEF NO. 29:** A CASE COST BILLING FOR COURT COSTS MUST BE ACCURATE AND TRULY REFLECT THE DEBT OWED, PRIOR TO ANY ATTEMPT TO COLLECT FROM THE DEFENDANT OF THE CASE.

**GROUND FOR RELIEF NO. 30:** A TRIAL COURT CAN NOT IMPOSE A HARSHER SENTENCE UPON THE CONVICTION OF THE ACCUSED, JUST BECAUSE THE ACCUSED DOES NOT TAKE THE PLEA DEAL OFFERED, BUT TAKES HIS/HER CASE TO TRIAL, INSTEAD.

**GROUND FOR RELIEF NO. 31:** PROPERTY SEIZED BY POLICE DURING THE EXECUTION OF A SEARCH WARRANT IS NOT AUTO-

MATICALLY FORFEITED DUE TO IT BEING THE SUBJECT OF THE SEIZURE, WHEN IT HAS NOT BEEN PROVEN TO BE ILLEGAL IN A COURT OF LAW AND FORFEITURE PROCEEDINGS WERE NOT FILED WITHIN THE REQUIRED TIME ALLOTTED BY OHIO FORFEITURE LAW.

*GROUND FOR RELIEF NO. 32:* COPYRIGHT LAWS EXIST TO PROTECT PHOTOGRAPHIC WORKS AND THEIR CREATOR FROM THE WORKS BEING COPIED, AND EVEN POLICE MAY NOT INFRINGE UPON THESE RIGHTS BY PHOTOGRAPHING AND KEEPING COPIES OF THESE WORKS, NOR MAY ANY OFFICER OF THE COURT RETAIN COPIES WITHOUT THE CREATOR'S WRITTEN CONSENT.

*GROUND FOR RELIEF NO. 33:* A PERSON MAY NOT BE FOUND GUILTY OF ALLIED OFFENSES, SINCE THE ELEMENTS OF ONE CRIME RESULTS IN THE COMMISSION OF THE OTHER AND BOTH OFFENSES CAN BE CONSTRUED FROM THE SAME CONDUCT AND EVIDENCE, CAUSING THE PERSON TO BE TWICE PUT IN JEOPARDY OF LIFE OR LIMB.

(Doc. 3).

## ANALYSIS

### Grounds One, Five, Six, and Seven

In Grounds One, Five, Six, and Seven, Petitioner raises various claims that the statutes under which he was convicted are unconstitutional because they are allegedly vague and/or overbroad. These claims were presented to and considered by the Ohio Court of Appeals which rendered the following decision on them:

II. Huffman's Constitutional Challenges to R.C. 2907.322(A)(1)

[* *P11] R.C. 2907.322 prohibits the pandering of sexually-oriented matter involving minors. Huffman was convicted of violating R.C. 2907.322(A)(1), which provides, "No person, with knowledge of the character of the material or performance involved, shall * * * create, record, photograph, film, develop, reproduce, or publish any material that shows a minor participating or engaging in sexual activity, masturbation, or bestiality."

[* *P12] In his first assignment of error, Huffman argues that R.C. 2907.322(A)(1) is unconstitutionally overbroad and vague. In analyzing a constitutional challenge to a statute, we are mindful that legislative enactments enjoy a strong presumption of constitutionality. n1 To overcome this presumption, a person challenging a statute must prove that the statute is unconstitutional beyond a reasonable doubt. n2

n1 *See State v. Collier* (1991), 62 Ohio St.3d 267, 581 N.E.2d 552.

n2 *See State v. Anderson* (1991), 57 Ohio St.3d 168, 171, 566 N.E.2d 1224.

A. States May Lawfully Proscribe Child Pornography

[* *P13] The First Amendment does not protect child pornography. In *New York v. Ferber,* n3 the United States Supreme Court held that states may constitutionally proscribe the distribution of child pornography. The Court held that this limitation on the freedom of speech is justified by the state's compelling interest in safeguarding the well-being of its children. n4 The Court found that the distribution of child pornography is intrinsically linked to sexual abuse in two ways. First, the material survives as a permanent record of the victimization and abuse of a child. n5 Second, prohibitions on the material's distribution act as a means of controlling

its production, thus preventing future abuse. n6

n3 (1982), 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113.

n4 *Ferber* at 756–757, 102 S.Ct. 3348.

n5 *Id.* at 759–760, 102 S.Ct. 3348.

n6 *Id.*

[* *P14] In *State v. Meadows,* n7 the Ohio Supreme Court applied *Ferber*'s reasoning in its consideration of R.C. 2907.322(A), the statute at issue here. Meadows was convicted of violating subsection (A)(5), which prohibits the possession or control of child pornography. The court held that the same child-protection interests recognized in Ferber to justify a ban on the distribution of child pornography justified a ban on its possession as well. n8 As a result, the court held that the statute did not violate the First Amendment. n9

n7 (1986), 28 Ohio St.3d 43, 28 OBR 417, 503 N.E.2d 697.

n8 *Id.* at 50, 503 N.E.2d 697.

n9 *Id.* at syllabus.

[* *P15] The United States Supreme Court considered another of Ohio's child-pornography statutes n10 in *Osborne v. Ohio.* n11 The Osborne court concluded, as the Meadows court had, that the interests described in Ferber warranted prohibitions on the possession and viewing of child pornography. n12

n10 R.C. 2907.323(A)(3).

n11 (1990), 495 U.S. 103, 110 S.Ct. 1691, 109 L.Ed.2d 98.

n12 *Id.* at 111, 110 S.Ct. 1691.

[* *P16] While the interests recognized by *Ferber* and *Osborne* justify prohibitions of pornography created using children, the United States Supreme Court later held that those interests are not implicated by pornography created without using children, material that has been termed "virtual child pornography."

B. *Ashcroft v. The Free Speech Coalition*

[* *P17] In *Ashcroft v. The Free Speech Coalition,* n13 the United States Supreme Court considered the constitutionality of the Child Pornography Prevention Act of 1996 ("CPPA"), which prohibited the possession or distribution of child pornography. n14

n13 (2002), 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403.

n14 See former Section 2252(A)(a), Title 18, U.S.Code, amended April 30, 2003.

[* *P18] Under Section 2256(8) of the CPPA, child pornography was defined to include any visual depiction of sexually explicit conduct where "(A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; (B) such visual depiction is, or appears to be, of a minor engaging in sexually explicit conduct; (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct; or (D) such visual depiction is advertised, promoted, presented, described, or distributed in such a manner that conveys the impression that the material is or contains a visual depiction of a minor engaging in sexually explicit conduct." n15 (Emphasis added.)

n15 See former Sections 2256(8)(A) through (D), Title 18, U.S.Code, amended April 30, 2003.

[* *P19] The "appears to be" prohibition of Section 2256(8)(B) reached a variety of visual depictions, including "virtual child pornography" created without the use of children. n16 The proscription of section 2256(8)(D) went further by encompassing sexually explicit works pandered as child pornography, irrespective of their content. n17

n16 *Ashcroft, supra,* at 241, 122 S.Ct. 1389.

n17 *Id.* at 243, 122 S.Ct. 1389.

[* *P20] The plaintiffs in Ashcroft challenged subsections (B) and (D) of Section 2256(8) as unconstitutionally overbroad. The plaintiffs argued that the "appears to be" and "conveys the impression" provisions of the subsections created a chilling effect on the production of sexually explicit works protected by the First Amendment.

[* *P21] The Court noted that its earlier decisions in Ferber and Osborne had upheld state bans on child pornography because of the state's interest in protecting children exploited by the pornography production process. n18 But, the Court reasoned, "in contrast to the speech in Ferber, speech that is itself the record of sexual abuse, the CPPA prohibits speech that records no crime and creates no victims by its production." n19 As a result, the Court struck down subsections (B) and (D) as overbroad. The Court held that the prohibitions on pornography created without using real children encompassed materials beyond those described in Ferber, resulting in the abridgement of "the freedom to engage in a substantial amount of lawful speech." n20

n18 *Id.* at 249–250, 122 S.Ct. 1389.

n19 *Id.* at 250, 122 S.Ct. 1389.

n20 *Id.* at 256, 122 S.Ct. 1389.

C. R.C. 2907.322(A)(1) is Not Unconstitutionally Overbroad

[* *P22] Huffman argues that R.C. 2907.322(A)(1) is unconstitutionally overbroad because its proscriptions encompass virtual child pornography, which Ashcroft held to be protected by the First Amendment. Huffman contends that virtual child pornography so closely resembles pornography depicting real children that the state's proscription

tends to inhibit lawful speech. Huffman reads Ashcroft too broadly.

[* *P23] HN6Ashcroft struck down a federal ban on virtual child pornography. But Ashcroft did not alter the Supreme Court's child-pornography jurisprudence: child pornography depicting real children remains unprotected speech. n21

n21 *Id.* at 245–246, 122 S.Ct. 1389.

[* *P24] As Ashcroft recognized, states may lawfully proscribe the distribution, possession, and viewing of child pornography if their statutes criminalizing child pornography are limited to works that depict explicit sexual conduct by children below a specified age. n22

n22 *Id.* at 249–250, 122 S.Ct. 1389; *Ferber,* supra, at 764, 102 S.Ct. 3348.

[* *P25] Since *Ashcroft* was decided, courts across the country have rejected similar overbreadth challenges to state statutes aimed at pornography involving real children. n23 And federal courts have rejected overbreadth challenges to provisions of the CPPA left undisturbed by Ashcroft, which applied if an actual minor was involved. n24 "There is nothing in *Ashcroft* to indicate that the court was prepared to start recognizing a First Amendment protection for child pornography involving actual minors." n25

n23 See *State v. Hazlett* (2003), 205 Ariz. 523, 73 P.3d 1258; *State v. Bacon* (Feb. 28, 2005), Superior Court of Connecticut, Judicial District of New Haven, at Meriden, Case No. CR030216984S, 2005 WL 758065, 2005 Conn.Super. LEXIS 582; *People v. Campbell* (Colo. 2004), 94 P.3d 1186; *Fink v. State* (Del. 2003), 817 A.2d 781; *State v. Alexander* (2003), 204 Ill.2d 472, 791 N.E.2d 506, 274 Ill.Dec. 414; *State v. Fingal* (Minn. 2003), 666 N.W.2d 420; *Griffin v. State* (2003), 2003 MT 267, 317 Mont. 457, 77

P.3d 545; *State v. Howell* (2005), 169 N.C.App. 58, 609 S.E.2d 417; *Webb v. State* (Tex.2003), 109 S.W.3d 580; *Rutti v. State* (Wyo.2004), 2004 WY 133, 100 P.3d 394.

n24 *United States v. Peterson* (D.S.C. 2003), 294 F.Supp.2d 797, affirmed (C.A.4, 2005), 145 Fed.Appx. 820; see, also, *United States v. Destio* (C.A.3, 2005), 153 Fed.Appx. 888; *United States v. Deaton* (C.A.8, 2003), 328 F.3d 454; *United States v. Kimler* (C.A.10, 2003), 335 F.3d 1132.

n25 *Peterson,* supra, at 802–803.

[* *P26] HN7R.C. 2907.322(A)(1) is by its terms limited to the depiction of sexual activity by a minor. A "minor" is statutorily defined as a person under the age of eighteen. n26 Ohio courts have held that because R.C. 2907.322 proscribes only pornography depicting an actual minor, *Ashcroft's* protection of virtual child pornography is not implicated by the statute. n27

n26 R.C. 2907.01(M).

n27 *State v. Anderson,* 151 Ohio App.3d 422, 2003–Ohio–429, 784 N.E.2d 196; *State v. Eichorn,* 5th Dist. No. 02 CA 953, 2003–Ohio–3415, 2003 WL 21489413; *State v. Morris,* 9th Dist. No. 04CA0036, 2005–Ohio–599, 2005 WL 356801.

[* *P27] Only one Ohio court has sustained an overbreadth challenge to R.C. 2907.322(A)(5). HN8In *State v. Tooley,* n28 the Eleventh Appellate District acknowledged that the Ohio Supreme Court had previously held that the statute did not violate the First Amendment, but reasoned that Meadows had been decided "well before" Ashcroft. n29 The court based its overbreadth determination upon subsection (B)(3) of R.C. 2907.322, which provides, "In a prosecution under this section, the trier of fact may infer that a person in the material or performance is a minor if the material or performance, through its title, text, visual representation, or otherwise, represents or depicts the person as a minor." The court found that this language nearly mirrored the CPPA language held unconstitutional in Ashcroft, and concluded that the statute was unconstitutionally overbroad. n30

n28 11th District No. 2004–P–0064, 2005–Ohio–6709, 2005 WL 3476649, stay granted, 108 Ohio St.3d 1463, 2006–Ohio–570, 842 N.E.2d 535.

n29 *Id.* at P48.

n30 *Id.* at P52.

[* *P28] We respectfully disagree with the *Tooley* court's reasoning. Instead, we are persuaded by the reasoning of the Ninth Appellate District in *State v. Morris,* n31 in which the court rejected an overbreadth challenge to R.C. 2907.322. With respect to the language in subsection (B)(3), the court held, "There is no indication that the provision * * * was intended to encompass virtual child pornography. Rather, we read the provision to permit what the common law has always permitted, that the State may prove its case with circumstantial evidence." n32

n31 9th Dist. No. 04CA0036, 2005–Ohio–599, 2005 WL 356801.

n32 *Id.* at P16.

[* *P29] HN9R.C. 2907.322(A)(1) clearly proscribes pornography that depicts an actual minor. Unlike the CPPA provisions struck down in Ashcroft, the statute does not attempt to criminalize the possession of virtual child pornography. Accordingly, we hold that R.C. 2907.322(A)(1) is not unconstitutionally overbroad.

D.R.C. 2907.322(A)(1) is Not Void for Vagueness

[* *P30] Huffman further argues that R.C. 2907.322(A)(1) is void for vagueness. HN10The vagueness doctrine is

premised on the Fourteenth Amendment due-process requirement that laws give fair notice of offending conduct. n33 A criminal statute is void for vagueness if it fails to define a criminal offense with sufficient clarity for ordinary people to understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. n34 A greater degree of precision is required if a law inhibits the exercise of First Amendment freedoms. n35

n33 *Papachristou v. Jacksonville* (1972), 405 U.S. 156, 162, 92 S.Ct. 839, 31 L.Ed.2d 110.

n34 *State v. McKnight,* 107 Ohio St.3d 101, 2005–Ohio–6046, 837 N.E.2d 315, at P238.

n35 See *Amani Servs. Corp. v. DOC Div. of Liquor Control* (2000), 137 Ohio App.3d 252, 256, 738 N.E.2d 451, citing *Hynes v. Mayor and Council of the Borough of Oradell* (1976), 425 U.S. 610, 620, 96 S.Ct. 1755, 48 L.Ed.2d 243; see, also, *Hoffman Estates v. Flipside, Hoffman Estates* (1982), 455 U.S. 489, 499, 102 S.Ct. 1186, 71 L.Ed.2d 362.

[* *P31] In this case, HN11the statute is not unconstitutionally vague. The plain language of R.C. 2907.322(A)(1) makes clear what conduct is prohibited. n36 A reading of the statute informs an ordinary citizen that its prohibitions apply to pornography depicting an actual minor. n37 The precision of the language leaves no discretion for the application and enforcement of the statute, describing with sufficient particularity what a person must do to commit a violation. n38

n36 See *Akron v. Rowland,* 67 Ohio St.3d 374, 383, 1993–Ohio–222, 618 N.E.2d 138.

n37 See *Anderson,* supra, at 171, 566 N.E.2d 1224.

n38 See *Kolender v. Lawson* (1983), 461 U.S. 352, 361, 103 S.Ct. 1855, 75 L.Ed.2d 903; *Collier, supra,* at 271, 581 N.E.2d 552.

[* *P32] Huffman argues that advances in computer technology make it impossible for a person to distinguish between images created with actual minors and those that are not. So, Huffman contends, the statute deters him from exercising his right to possess virtual child pornography. We perceive no such problem.

[* *P33] As the United States Supreme Court has recognized, a statute's scienter requirement may operate to eliminate any claimed vagueness. n39 R.C. 2907.322(A)(1) requires that an offender have "knowledge of the character of the material or performance involved." This scienter requirement has been held to be a constitutionally adequate indicium of scienter to uphold a pandering-obscenity conviction. n40 We conclude that the scienter requirement has a similar ameliorating effect on any asserted vagueness in R.C. 2907.322(A)(1).

n39 See *Hoffman Estates, supra.*

n40 See *State v. Burgun* (1978), 56 Ohio St.2d 354, 364, 384 N.E.2d 255.

[* *P34] Because R.C. 2907.322(A)(1) is neither unconstitutionally overbroad nor unconstitutionally vague, we hold that the trial court properly denied Huffman's motion to dismiss. We overrule the first assignment of error.

*State v. Huffman,* 165 Ohio App.3d 518, 528–529, 847 N.E.2d 58 (Ohio App. 1st Dist.2006). As noted above, this decision was affirmed by the Ohio Supreme Court on authority of its decision in Tooley without modification. Therefore the Court of Appeals decision is the last explained decision on the merits in the Ohio courts.

Because Petitioner's First, Fifth, Sixth and Seventh Grounds for Relief were decided on the merits by the Ohio courts, this Court's standard of review on those claims is provided by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104–132, 110 Stat. 1214) (the "AEDPA"). The Supreme Court has recently elaborated on that standard of review:

> The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas "retrials" and to ensure that state-court convictions are given effect to the extent possible under law. See *Williams v. Taylor*, 529 U.S. 362, 403–404, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). To these ends, § 2254(d)(1) provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—"(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."

> As we stated in *Williams,* § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. 529 U.S., at 404–405, 120 S.Ct. 1495. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. *Id.,* at 405–406, 120 S.Ct. 1495. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from

our decisions but unreasonably applies it to the facts of the particular case. *Id.,* at 407–408, 120 S.Ct. 1495. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one. *Id.,* at 409–410, 120 S.Ct. 1495. See also *id.,* at 411, 120 S.Ct. 1495 (a federal habeas court may not issue a writ under the unreasonable application clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly").

*Bell v. Cone,* 535 U.S. 685, 693–94, 122 S.Ct. 1843, 1849–50, 152 L.Ed.2d 914 (2002).

AEDPA provides that, when a habeas petitioner's claim has been adjudicated on the merits in state-court proceedings, a federal court may not grant relief unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. *Williams v. Taylor, supra,* at 405, 120 S.Ct. 1495; *Early v. Packer,* 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) (*per curiam*). A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner. *Williams v. Taylor, supra,* at

405, 120 S.Ct. 1495; *Woodford v. Visciotti*, 537 U.S. 19, 24–25, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) (*per curiam*). *Brown v. Payton*, 544 U.S. 133, 134 125 S.Ct. 1432, 161 L.Ed.2d 334 (2005).

Here the Ohio courts clearly understood the federal constitutional issues involved and decided the case in light of the relevant United States Supreme Court case law. Petitioner makes no argument as to why that application by the First District Court of Appeals is somehow objectively unreasonable, and this Court finds none on its own review.

Grounds One, Five, Six, and Seven should be denied on the merits.

### Ground Two

In Ground Two, Petitioner asserts his conviction is not supported by sufficient evidence. While this Ground for Relief states a claim upon which federal habeas corpus relief could be granted, Respondent asserts that the claim is procedurally defaulted because it was not preserved in Petitioner's appeal from the Ohio Court of Appeals to the Ohio Supreme Court (Answer, Doc. No. 19, at 11–12).

■ The standard for evaluating a procedural default defense is as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 749, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir.2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state

court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir.2000); *Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Reynolds v. Berry*, 146 F.3d 345, 347–48 (6th Cir.1998), citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986); *accord Lott v. Coyle*, 261 F.3d 594 (6th Cir.2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground

on which the state can rely to foreclose review of a federal constitutional claim. Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin,* 785 F.2d at 138. Ohio plainly has a rule that an issue must be preserved by presenting it to the Ohio Supreme Court in that the Ohio Supreme Court will not consider issues not raised before it. While the Ohio Supreme Court was not presented with an actual opportunity to enforce the rule in this case, there is no doubt that it would. Finally, the rule is adequate in that it protects state judgments unless the state courts have actually been given an opportunity to rule on challenges to them and it is fully independent of federal law.

Ground for Relief Two should be dismissed with prejudice as procedurally defaulted.

### Ground Three

In Ground Three, Petitioner asserts that the Constitution prohibits a conviction which is against the manifest weight of the evidence.

In *State v. Thompkins,* 78 Ohio St.3d 380, 678 N.E.2d 541 (1997), the Ohio Supreme Court reaffirmed the important distinction between appellate review for insufficiency of the evidence and review for manifest weight. It held:

> In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. *State v. Robinson* (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. *Tibbs v. Florida* (1982), 457 U.S. 31, 45,

102 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, *citing Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560. Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. *Robinson, supra,* 162 Ohio St. at 487, 55 O.O. at 388–389, 124 N.E.2d at 149. Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis added.)

> When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a " 'thirteenth juror' " and disagrees with the factfinder's resolution of the conflicting testimony. *Tibbs,* 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661. See, also, *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 O.B.R. 215, 219, 485 N.E.2d 717, 720–721 ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the

evidence weighs heavily against the conviction.").

78 Ohio St.3d at 387, 678 N.E.2d 541. In *State v. Martin,* 20 Ohio App.3d 172, 485 N.E.2d 717 (Hamilton Cty.1983) (cited approvingly by the Supreme Court in *Thompkins* ), Judge Black contrasted the manifest weight of the evidence claim:

> In considering the claim that the conviction was against the manifest weight of the evidence, the test is much broader. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

485 N.E.2d at 718, ¶ 3 of the syllabus. The consequences of the distinction are important for a criminal defendant. The State may retry a case reversed on the manifest weight of the evidence; retrial of a conviction reversed for insufficiency of the evidence is barred by the Double Jeopardy Clause. *Tibbs v. Florida,* 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982).

▆ As these decisions make clear, the claim that a conviction is against the manifest weight of the evidence states a claim under Ohio law, but not under the United States Constitution. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Lewis v. Jeffers,* 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990); *Smith v. Phillips,* 455 U.S. 209, 221, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982), *Barclay v. Florida,* 463 U.S. 939, 957, 103 S.Ct. 3418, 77 L.Ed.2d 1134 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding wheth-er a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire,* 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

Therefore Ground Three for Relief should be dismissed without prejudice for failure to state a claim upon which federal habeas corpus relief can be granted.

## Ground Four

In Ground Four, Petitioner claims that the United States Constitution prohibits sentences based on facts not proven to a jury or admitted by the accused. The Ground for Relief is moot because Petitioner raised it on direct appeal and, as he admits in the Petition (Doc. No. 3 at 10), received a reversal and remand for resentencing based on this claim.

## Ground Eight

In Ground Eight Petitioner complains of lack of authentication by failure to properly prove the chain of custody at trial. As Respondent notes, this claim was raised on direct appeal but not taken forward to the Ohio Supreme Court. It should therefore be dismissed with prejudice as barred by procedural default. It is also a claim of Ohio evidence law which is not cognizable in federal habeas corpus.

## Ground Nine

In Ground Nine, Petitioner challenges the use of a judicially-created limitation on the use of minors in nudity-oriented material. This Ground for Relief was procedurally defaulted by being omitted from the direct appeal and should therefore be dismissed with prejudice.

## Grounds Ten through Fifteen, Seventeen though Nineteen

In the referenced Grounds for Relief, Petitioner raised here the claims he made in his petition for post-conviction relief under Ohio Revised Code § 2953.21. The

Ohio courts denied these claims on the merits under Ohio's criminal *res judicata* doctrine which bars from consideration in post-conviction claims which could have been raised on direct appeal, but were omitted. Respondent asserts, therefore, that these claims are procedurally defaulted.

Applying the *Maupin* analysis, this Court notes that Ohio does indeed have a criminal *res judicata* doctrine.

> 7. Constitutional issues cannot be considered in postconviction proceedings under Section 2953.21 et seq., Revised Code, where they have already been or could have been fully litigated by the prisoner while represented by counsel, either before his judgment of conviction or on direct appeal from that judgment, and thus have been adjudicated against him. . . .
>
> 9. Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial*, which resulted in that judgment of conviction *or on an appeal* from that judgment.

Syllabus in *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967) (emphasis *sic.*). *See also State v. Cole*, 2 Ohio St.3d 112, 443 N.E.2d 169, 170 (1982); *State v. Duling*, 21 Ohio St.2d 13, 254 N.E.2d 670 (1970).

Ohio's doctrine of *res judicata* in criminal cases, enunciated in *Perry*, supra, is an adequate and independent state ground. *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir.2001); *Byrd v. Collins*, 209 F.3d 486, 521–22 (6th Cir.2000), *cert. denied* 531 U.S. 1082, 121 S.Ct. 786, 148 L.Ed.2d 682 (2001); *Rust v. Zent*, 17 F.3d 155, 160–61

(6th Cir.1994); *Van Hook v. Anderson*, 127 F.Supp.2d 899 (S.D.Ohio 2001). The Ohio courts have consistently enforced the rule. *State v. Cole*, 2 Ohio St.3d 112, 443 N.E.2d 169 (1982); *State v. Ishmail*, 67 Ohio St.2d 16, 423 N.E.2d 1068 (1981).

Therefore Grounds for Relief Ten, Eleven, Twelve, Thirteen, Fourteen, Fifteen, Seventeen, Eighteen, and Nineteen should be dismissed with prejudice as barred by procedural default.

### Ground Sixteen

In Ground Sixteen Petitioner claims he was denied effective assistance of trial counsel. There is a constitutional right under the Sixth Amendment to the effective assistance of counsel at trial. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). However, Petitioner has procedurally defaulted this claim for relief in that he has never presented it to the Ohio courts, It should therefore be dismissed with prejudice.

### Grounds Twenty through Twenty–Four

In these five Grounds for Relief, Petitioner challenges Ohio's post-conviction petition procedures. Such claims are not cognizable in federal habeas corpus. *Kirby v. Dutton*, 794 F.2d 245 (6th Cir.1986). They should therefore be dismissed without prejudice for failure to state a claim on which habeas corpus relief can be granted.

### Ground Twenty–Five

In Ground Twenty–Five, Petitioner asserts that the Ex Post Facto Clause of the Constitution is violated "when the Ohio Supreme Court severs vital portions of the Ohio Revised Code, causing a harsher sentence to be imposed upon a conviction, than was possible by the law when the offense was committed." In *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the Supreme Court held that any fact which increases the sentence beyond a legislatively-mandated guideline, even if within a statutory

maximum for the offense, must be pled as an element in the indictment and proved to the jury beyond a reasonable doubt. In *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), the Ohio Supreme Court held that *Blakely* renders the Ohio sentencing scheme unconstitutional. Because *Foster* was decided while this case was pending on direct appeal, the First District Court of Appeals remanded the case for resentencing. On remand, the trial court imposed the same sentence it had before. As best the Court understands Petitioner's twenty-fifth ground for relief, it is that somehow there is a discrepancy between what the trial judge said the sentence was in open court and what the judgment entry shows. Assuming this is true, it does not constitute a violation of the Ex Post Facto Clause. In addition, as Respondent notes, this claim is procedurally defaulted by Petitioner's failure to appeal it to the Ohio Supreme Court. Ground Twenty–Five should be dismissed with prejudice.

### Grounds Twenty–Six through Twenty–Nine, Thirty–One, and Thirty–Two

In these six Grounds for Relief, Petitioner complains of being forced to pay court costs while confined and of the police seizure and copying of his photographs. Whether or not any of these claims might state a claim for relief under some federal law, they cannot be raised in a federal habeas corpus action because they do not result in Petitioner's confinement. Only the question of custody is at issue in and may be raised by a habeas corpus petition. In addition, the parties who took Petitioner's property, whether rightfully or wrongfully, are not parties to this case. Therefore Grounds for Relief Twenty–Six, Twenty–Seven, Twenty–Eight, Twenty–Nine, Thirty–One, and Thirty–Two should be dismissed without prejudice for failure to state claims which are cognizable in a habeas corpus action.

### Ground Thirty

In Ground Thirty, Petitioner essentially asserts that he received a harsher sentence because he insisted on going to trial than he would have received if he had accepted the offered plea bargain. Petitioner's freely admits in the Petition that this claim was never raised in the state courts. It is, therefore, procedurally defaulted and must be dismissed on that basis.

### Conclusion

The Petition herein is without merit and should be dismissed.

### SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 32) to the Magistrate Judge's Report and Recommendations (Doc. No. 30), recommending that the Petition be dismissed with prejudice. The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

In the Case History portion of his Objections, Petitioner complains that his Response to Return of Writ (Doc. No. 28) was stricken because it was filed three days late. The salient facts are that the Return of Writ was filed February 21, 2008, which made the reply due March 17, 2008. On March 14, 2008, Petitioner requested and received a 90–day extension of time to file (Doc. No. 22). On June 13 he requested another sixty days and was instead granted thirty with the notation that no further extensions would be granted. (Doc. No. 27). He filed three days late without asking for an extension, without asking for leave to file late, and without offering an excuse for the delay; he also never appealed from the notation order striking his Reply. In his current Objec-

tions, he offers no explanation, but instead complains the State got over three hundred days to file the Return. However, most of that delay was occasioned by the fact Petitioner had not exhausted his available state court remedies when he filed the Petition. (See Motion to Dismiss, Response, and Decision and Order, Doc. Nos. 10, 11, & 15.)

The Objections do not require a ground-by-ground re-analysis, but a number of themes run through them which require comment.

██ At many places in the Objections, Petitioner complains that his Fourth Amendment rights were violated in a number of ways in the procurement of the evidence which was used against him. Federal habeas corpus relief is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that question in the state courts. *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). *Stone* requires the district court to determine whether state procedure in the abstract provides full and fair opportunity to litigate, and Ohio procedure does. The district court must also decide if a Petitioner's presentation of claim was frustrated because of a failure of the state mechanism. Habeas relief is allowed if an unanticipated and unforeseeable application of procedural rule prevents state court consideration of merits. *Riley v. Gray*, 674 F.2d 522 (6th Cir.1982). The *Riley* court, in discussing the concept of a "full and fair opportunity," held:

> The mechanism provided by the State of Ohio for resolution of Fourth Amendment claims is, in the abstract, clearly adequate. Ohio R.Crim. P. 12 provides an adequate opportunity to raise Fourth Amendment claims in the context of a pretrial motion to suppress, as is evident in the petitioner's use of that procedure.

Further, a criminal defendant, who has unsuccessfully sought to suppress evidence, may take a direct appeal of that order, as of right, by filing a notice of appeal. See Ohio R.App. P. 3(A) and Ohio R.App. P. 5(A). These rules provide an adequate procedural mechanism for the litigation of Fourth Amendment claims because the state affords a litigant an opportunity to raise his claims in a fact-finding hearing and on direct appeal of an unfavorable decision.

*Id.* at 526. Petitioner has made no showing that the Ohio motion to suppress procedure could not have been used in this case to test the legality of seizure of evidence used by the prosecution.

Petitioner asserts in a number of places that procedural default cannot override constitutional claims. That is simply not the case. Federal habeas corpus relief is only available when a person is being held in violation of his or her constitutional rights. Thus there must be a constitutional claim raised in a case before the federal court ever reaches the question of procedural default. In the very cases in which the doctrine was enunciated, the Supreme Court's premise was that there was a constitutional right involved which had been forfeited by failure to raise it properly in the state courts. See *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).

Petitioner also asserts at several points that the appeals court, the Ohio Supreme Court, and this court can review his case de novo. Indeed, with respect to Ground for Relief Nine, he asserts the Ohio Supreme Court can review issues whether they are presented by the parties or not. (Objections, Doc. No. 32, at 34.) However, he cites no authority for that proposition. Ohio appellate courts will almost never review an issue not raised by the parties,

and the whole doctrine of procedural default prevents federal courts from considering issues not properly preserved.

■ With respect to procedural default, Petitioner obliquely asserts at various points that any default should be excused by the ineffective assistance of trial counsel and ineffective assistance of appellate counsel he received. While ineffective assistance of counsel can be cause to excuse a procedural default, the claim of ineffective assistance of counsel must itself be raised and litigated in the first instance in the state courts. *Edwards v. Carpenter*, 529 U.S. 446, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000). As noted in the original Report and Recommendations, this claim was never made in the state courts (Report and Recommendations, Doc. No. 30 at 24.)

Nothing in the Objections persuades the Magistrate Judge that the original recommendation was in error. It is therefore again respectfully recommended that the Petition herein be dismissed with prejudice.